## DISMUKES v. HALPERN.

1. ESTOPPEL: *Acceptance of deed imposing obligation.*
The acceptance of a deed imposing terms, binds the grantee to the performance of the terms.

2. STATUTE OF LIMITATIONS: *On implied obligation.*
The obligation to perform the terms of a deed which arises from mere acceptance of it is an implied one, on which no action can be maintained after three years from the time it accrued.

3. PROBATE COURT: *Jurisdiction; Partition.*
The probate court has no jurisdiction in suits for partition to create a lien upon land, or render a money judgment for one heir against another for equality of partition.

Dismukes v. Halpern.

APPEAL from *Monroe* Circuit Court in Chancery. Hon. M. T. SANDERS, Circuit Judge.

*John C. Palmer* for Appellant.

1. That the probate court had no jurisdiction to partition lands. *Constitution of 1836, art. 6, sec. 10; Gould's Digest, chap. 48, sec. 2; Act of March 16, 1871; Gould's Digest, chap. 122, sec. 1; Pomeroy's Equity, sec. 13, et seq.; Myrick v. Jacks, 33 Ark., 425.*

2. That the probate court had no jurisdiction to render a money judgment *inter partes.* Same authorities as above, and *Phelps, et al., v. Buck, et al., 40 Ark., 219.*

3. That the lien of a judgment is limited to three years. *Gould's Digest, chap. 96, sec. 5; Gantt's Digest, sec. 3605; Mansfield's Digest, sec. 3918.*

*S. J. Price* for Appellee.

The whole of appellant's claim is based upon that partition, and they are estopped from saying the court had no jurisdiction.

The original petition was for assignment of dower as well as for partition of lands, and Charles W. Daniels was one of the principal petitioners.

Appellants should not be permitted to accept the benefits without sharing the burdens of the judgment for partition.

COCKRILL, C. J. The appellants are the heirs at law of Charles W. Daniels. The latter, in his lifetime, joined with the other heirs of W. H. Daniels in a petition to the probate court of Monroe county to partition lands which they had inherited from W. H. Daniels.

Dismukes v. Halpern.

·An order for partition was ' made in the probate . court in 1871, in pursuance of the petition, and commissioners were appointed to set off shares to the several heirs and to allot dower to the widow of W. H. Daniels. ;The commissioners reported to the court, designating by metes and bounds the lands to be allotted to each heir, and to the widow.   The widow's dower interest was so laid off as to cover the shares allotted to two of the · heirs, and in order to equalize the burden and compensate them, it was recommended by the commissioners and ordered by the court, that the other heirs should pay to the two whose shares' were embraced in the lands assigned to the widow as dower, the fair rental value of their shares in annual payments during the widow's life.  A special commissioner was appointed by the court to execute deeds to the heirs in accordance with the report of the commissioners.   He executed among others, a deed to Charles W. Daniels, the appellant's ancestor, in 1872, conveying his allotted share of the lands to him free from the claims of the other heirs, except the claim for his proportion of the payments to be made to the two heirs who were, by the allotment, deprived of the enjoyment of their shares during the life of the widow, and these payments the deed specified should be made to them by C. W. Daniels annually.   The partition was acquiesced in by all the parties ; the deed was accepted by Charles W. Daniels, and he or his heirs have ever since enjoyed the exclusive possession of the lands set apart to him under it.

W. W. Daniels' widow died in 1883, and none of the payments provided for in the deed having been made, the appellee, who is the owner of the land covered by her dower interest, and the assignee of the annual installments, filed his complaint in equity to subject the lands allotted to Charles W. Daniels to the payment of the proportion of the charge assessed against them by the commissioners.

The appellants answered, denying that the lands were subject to the charge, and pleaded the statute of limitations in bar

1. Estoppel: Acceptance of deed imposing terms.

of the recovery.   The decree of the court was that the lands be subjected to the payment of the installments accruing within seven years of the filing of the bill, with interest, and the owners of the land appealed.   They argue that the probate court was without jurisdiction to create a lien upon the land, or to render a money judgment against one heir in favor of another, and that the judgment is therefore without force.   To concede the correctness of the legal proposition does not aid the appellants' case.   Their ancestor's exclusive right to the land is based upon the commissioner's deed, and they themselves in their pleadings assert title under the same deed.   The terms of the conveyance were that Charles W. Daniels should pay to the appellee's assignors the annual sums specified in the deed, and in effect that these sums should be a charge upon the land.   In accepting the deed he acceded to these terms, and he cannot now hold to the beneficial part of the conveyance and rid himself of the burden which accompanied it.   A party cannot ratify and yet repudiate the same transaction in one breath.   He must make his election at the outset, to repudiate it *in toto* or take it *cum quere*, and when once made and acted upon, he is estopped from assuming an attitude inconsistent with his first position and detrimental to the rights of others. *Millington v. Hill, Fontaine & Co., ante, p. 301, and cases cited; Herman Estop., sec. 1057.*

2. Statute of Limitations on implied contract.

The court was right in holding the land for the payment of the debt, but the seven years statute which bars the recovery of possession of real estate has no application to a recovery upon an equitable lien.   *Millington v. Hill, Fontaine & Co., supra.*

Charles W. Daniels' liability to pay the debt, as well as the

3. PROBATE COURT: Jurisdiction: Partition.

charge upon the land, arises by implication alone.   The judgment of the probate court is without force in that respect, because the court was without jurisdiction to declare a lien upon land, or to render a personal judgment for the recovery of money against Daniels in a suit for partition.   *Myrick v. Jacks, 33 Ark., 425.*   The *terms* of the contract are found in the com-

missioner's deed, but the only obligation upon Daniels to comply with those terms is implied from his acceptance of the deed. It was not the deed that created the charge upon the land, because the probate court could not invest the commissioners with that authority. The assent of Daniels is what gives validity to the charge, and as this assent creates an implied liability only, the three years statute governs. *Manfield's Digest, sec. 4478.*

It follows that no recovery could be had of any annual installment except such as matured within three years of the filing of the appellee's bill.

The decree must be reversed with instructions to modify it in accordance with this opinion.