## MARTIN v. GREGORY.

### Opinion delivered May 18, 1908.

LIMITATION OF ACTIONS—JUDGMENTS—FRAUDULENT CONVEYANCES.—Where a complaint sought to enforce a previous judgment and to set aside certain conveyances alleged to be fraudulent, the statute of limitations applicable to the judgment is ten years, but as to the conveyances there must be an actual and adverse holding by a fraudulent grantee. for seven years before a creditor is barred of his right to set them aside and subject the property to the payment of his debt, so long as the debt itself is not barred by limitation.

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*D. Hopson* and *Rose, Hemingway & Rose,* for appellant.

1. The suit having been brought in the name of corporations, which had no interest in the subject-matter of the suit, the complaint could not be amended by the substitution of other

parties.   34 Ark. 141; 41 *Id.* 167; 46 *Id.* 253; 47 *Id.* 548.  A corporation and its directors and stockholders are different entities.   4 Ark. 304.   Incorporating a partnership does not transfer its property, there must be a conveyance to the artificial entity.   1 Thomps. on Corp., § 1074.

2.   The suits are barred by limitation.   46 Ark. 251; 37 Ala. 169; 92 *Id.* 314; 88 Ky. 291; 2 Md. Ch. 370; 6 Paige, 655; 164 U. S. 523; Kirby's Digest, § 5073; 23 Ark. 169; 31 Miss. 143; 49 Am. Dec. 738; 75 Mo. 460; 15 S W. 924.

3.   The suit is also barred by the five and seven years' statutes.   Kirby's Digest, § 5056; 31 Ark. 272; 56 *Id.* 494; 61 *Id.* 329; 47 *Id.* 80; 64 *Id.* 443.   There was no lien on the lands. Kirby's Digest, § 4438; 1 U. S. Comp. Stat. p. 701.

4.   The amended complaint was a new suit.   1 Enc. Pl. & Pr. 623; 17 Ark. 608; 59 *Id.* 446.

5.   Fraud is never presumed, and the evidence must be satisfactory.   59 Fed. 73; 123 U. S. 219; 11 Ark. 378.

*F. H. Sullivan* and *G. B. Oliver,* for appellee.

1.   The amendment to the complaint was proper.   Kirby's Digest, § 6140, 6145; 64 Ark. 257; 47 *Id.* 548; 72 *Id.* 314; 79 *Id.* 179; 1 Enc. Pl. & Pr. p. 537, *et seq.*

2.   The suit was not barred.   It was a suit on a judgment rendered within ten years.   Kirby's Digest, § 5073.

3.   There must be an actual adverse holding of land for seven years to bar a creditor, if the debt be not barred.   74 Ark. 316; 76 *Id.* 514.

4.   The evidence of fraud is ample.   75 Ark. 569.

HILL, C. J.   On June 18, 1901, H. T. Simon, Gregory & Company and the Shafer-Swarts Shoe Company filed their complaint against the Martin brothers and their wives, in which they sued upon judgments rendered in favor of the plaintiffs in the United States Circuit Court on the 17th of December, 1892, and prayed that certain conveyances of lands which stood in the names of the wives of the said Martin brothers be set aside and said lands subjected to the payment of said judgments.

The case progressed until November 11, 1903, when an amended complaint was filed by the surviving partners of the firm of H. T. Simon, Gregory & Company, and by the surviv-

ing partners of Shafer-Swarts Shoe Company, as well as by the Wertheimer-Swarts Shoe Company. It appears from the allegations of said complaint that the former complaint was brought by corporations which had succeeded, respectively, to the co-partnerships of the H. T. Simon, Gregory & Company and the Shafer-Swarts Shoe Company, and that the former suit had been brought in the name of those corporations, whereas the judgments sued on were rendered in the name of the co-partnerships.

The amended complaint further alleged that subsequent to the rendition of the judgments in 1892 a suit in chancery was filed in the United States Circuit Court to foreclose a certain deed of trust, which had been given to secure the payment of certain notes on account of which judgments had been rendered on the 17th of December, 1892, which suit progressed to decree on the 18th of June, 1896, in which judgment was rendered in favor of said co-partnerships for the indebtedness then existing. This was the same indebtedness which had been reduced to judgment in 1892, plus the interest and costs accumulated thereupon.

The allegations of this amended complaint were proved. The case went to trial after a great amount of evidence was taken, and resulted in a decree for the plaintiffs, and the cancellation of the deeds attacked as fraudulent, and a subjection of the lands to the payment of the judgments sued upon.

The principal contention of the appellants, which is presented in many ways, is that, suit having been brought in the name of the corporations, the complaint could not be amended by the substitution of other parties without making the amended complaint a new suit, and, treating it as a new suit, that the judgments sued upon were barred by the statute of limitations.

Both of the judgments were in the name of the partnerships. These partnerships subsequently were merged into corporations, which of course were different entities in law, one an aggregation of individuals, the other an artificial person. The suit was brought by the corporations in 1901, and it was erroneously alleged by them that they procured judgments in 1892, whereas it was their predecessors, the co-partnerships, which procured the judgments declared upon. The amended com-

plaint set forth the true facts in regard to the same, and also set forth the judgments of 1896, as the basis of the action.

There is some difference of opinion among the judges as to whether the amendment was a new suit or whether it was but a correction of errors in the allegations of the complaint to conform to the evidence. It is immaterial to the determination of this case to decide which view is the correct one. If it was a mere correction of errors to conform to the evidence, and not a new suit, then it is not questioned that the statute of limitations of ten years had not run. If it was a new suit, it was based upon the second judgments for the same indebtedness, which were rendered in 1896, and this amended complaint was filed November 11, 1903, within the ten years.

Therefore, it is apparent that, if the ten-year statute is applicable to the action, in neither view of the amendment can the plea of limitation be sustained. The question therefore resolves itself into, what is the limitation applicable to the action? It is plain that these are suits upon judgments, and not suits to recover land. The limitation upon a judgment is ten years. Kirby's Digest, § 5073.

Separate and distinct from the suit upon the judgments is the further relief asked that certain conveyances be set aside so as to subject lands to the payment of the judgment sought to be recovered on the judgment sued upon. That relief would be barred in seven years if there had been any adverse holding of the lands by the grantees in the conveyances attacked. This court has recently had before it this precise subject; it was held that there must be an actual and adverse holding by the fraudulent grantee for seven years before a creditor is barred of his right to set aside a fraudulent conveyance and subject the property to the payment of his debt, as long as the debt itself is not barred by limitation. *Baldwin* v. *Williams*, 74 Ark. 316; *James* v. *Mallory*, 76 Ark. 509.

The evidence sustains the decree, which necessarily found that the lands had not been adversely held by the wives of the Martin brothers, but were in fact held by the Martins themselves. There was no adverse possession under the conveyances for seven years which would bar so much of the action which seeks to set them aside.

Mrs. Betolius B. Martin died pending the suit, and it is contended that there was no guardian *ad litem* appointed for the heirs of Mrs. Martin in the new suit, if it was a new suit, which was created by the amended complaint. But the record recites that the defendant were regularly served, and that the guardian *ad litem* for the minor heirs filed a proper answer for the heirs, denying every material allegation of the original complaint, and nothing inconsistent with said finding is found in the record.

It is earnestly insisted that the evidence does not sustain the decree to the effect that the conveyances were fraudulent. The court has carefully considered the evidence, and finds that the preponderance sustains the chancellor. It would serve no useful purpose to review it.

The judgment is affirmed.