COTHAM, ADMINISTRATOR, *v.* LUCY, EXECUTOR.

Opinion delivered October 12, 1914.

LIMITATION OF ACTIONS—FORECLOSURE SALE—PURCHASER.—The right to
enforce the collection of the amount bid at a sale of real property,
sold in pursuance of a decree of foreclosure, where the sale to the
bidder was not confirmed by the court is barred by the three-year
statute of limitations.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

*James E. Hogue,* for appellant.

1. The effect of the sale was merely to dispose of
the estate's equity of redemption. The agreement between the primary administrator and the purchaser of
the land, for the purchaser to offset his debt against his
bid was void, and the purchaser should be required to
pay his bid. Kirby's Digest, § 202; 53 Ark. 358; 2 Woerner, Am. Law of Administration, 936, § 859; 71 Mo. 459;
50 Mo. 296; Croswell's Executors & Administrators, 294;
66 N. C. 532; 43 Md. 554; 13 Bush. 447; 48
W. Va. 447; 70 Mo. 209; 12 Ark. 378; 29 Ark. 500; 49
Ark. 285; 27 Ark. 667; 31 Ark. 108; 1 Aikens 231; 102 Ill.
446; 57 N. J. Eq. 291.

2. It will be presumed that the administrator complied with the law in making the sale, and sold on a credit
of not less than three months, taking the purchaser's
bond and security for the purchase money. Kirby's Digest, § 181. Equity regards that as done which ought to
have been done. Bispham's Principles of Equity, § 44.
There is, therefore, no merit in the plea of limitation.

*Martin & Wootten,* for appellee.

McCULLOCH, C. J. Appellant's intestate, John D.
Ware, owned a tract or lot of real estate in the city of
Hot Springs, on which a building was situated, and mortgaged the same to Edward Fitzgerald to secure a debt
of $2,800 which he owed to the latter.

The mortgage debt was not paid, and on February
16, 1902, the administrator presented his petition to the

probate court of Garland County, praying for an order authorizing him to sell said property. The administrator recited in his petition the damaged and dilapidated condition of the house on the property, and also recited the fact of the existence of the mortgage to Fitzgerald, and stated the amount, which then with interest aggregated the sum of $3,008.60. The petition did not pray for a sale merely of the equity of redemption, but of the whole property. The order of sale is not in the record, but it appears to be conceded that the order of the court gave general directions to the administrator to sell the entire property, and not merely the equity of redemption.

The contention in this case is, however, that the effect of the sale was merely to dispose of the equity of redemption. The sale was regularly advertised by the administrator, and Fitzgerald bid the amount of his mortgage debt, and the property was stricken off to him as the purchaser. At the next term of the probate court, in May, 1902, the administrator reported his proceedings, with respect to the sale, to the probate court, referring to the fact that Fitzgerald had bid the amount of his mortgage debt, and asked leave of the court to permit him to balance off the mortgage debt against the price bid for the land. No order of confirmation appears on the record, but the administrator executed a deed to Fitzgerald, reciting the sale to the latter and the payment of the purchase price, receipt of which was duly acknowledged. It appears that the records of Garland County have been destroyed or mutilated by fire, and it is not clear that there was any order of confirmation entered upon the record until after commencement of this suit.

Appellant first instituted this suit in December, 1905, attacking the validity of the sale, but by a subsequent amendment, the attack on the validity of the sale was abandoned and the suit was converted into one against Fitzgerald to recover the amount of the latter's bid and to have a lien declared upon the property upon the theory that the sale amounted only to a sale of the equity of redemption, and that the purchaser took the property

subject to the mortgage debt, and that the administrator had no right to allow the bid of the purchaser to be credited in extinguishment of the mortgage debt. The defendant, Edward Fitzgerald, died during the pendency of the suit, and the cause was revived in the name of his executor and sole devisee under his will. The decree of the court was in favor of the defendants, and the plaintiff appealed.

Among other defenses set forth in the answer, the defendants pleaded the three-years statute of limitation; and as the disposition of that plea is decisive of the case, other defenses need not be referred to. The sole purpose of this suit is to collect the amount of the purchaser's bid; the attack upon the validity of the sale being, as before stated, abandoned. It is neither alleged nor proved that Fitzgerald, the purchaser, ever executed a note or written obligation of any kind to pay the amount of the bid. On the contrary, it affirmatively appears from the report of the administrator to the probate court that the purchaser claimed the right to credit the amount of his bid upon his mortgage debt and thereby extinguish it. Therefore, the suit is not upon a written obligation, but upon a contract, either expressed or implied, not in writing. The statute reads that "all actions founded upon any contract or liability, expressed or implied, not in writing" shall be commenced within three years after the cause of action shall accrue, and not after. First subdivision, section 5064, Kirby's Digest. The cause of action set forth in the complaint falls clearly within this statute, and is barred by limitation.

It will be observed that the statute includes implied, as well as expressed, contracts, and it is unnecessary to decide whether the bid of the purchaser constituted, under the circumstances, an express or an implied contract to pay the amount of the bid; for in either event the suit was not instituted within three years and is barred. *Dismukes* v. *Halpern,* 47 Ark. 317; *Richardson* v. *Bales,* 66 Ark. 452.

Learned counsel for appellant rely on the case of
*Parker* v. *Carter,* 91 Ark. 162, as sustaining the conten-
tion that inasmuch as the deed recites the amount of the
consideration, the acceptance of it constituted an implied
contract to pay the obligation imposed by law, and that
it amounted to a promise to perform a written contract
which is not within the statute quoted above. In that
case this court was dealing with a written contract of a
kind not required to be in writing, and it was said that
"such a contract is valid if one of the parties signs it,
and the other acquiesces therein," and in the opinion the
following is added: "And in a great many jurisdictions
it is held that a deed poll, when accepted by the grantee,
becomes the mutual contract of the parties, and the prom-
ise of the grantee therein provided for, is not a verbal
one, so as to be governed by the statute of limitation re-
specting verbal contracts; but that the acceptance of the
deed by the grantee makes it a written contract, and the
obligations created by it are evidenced by a writing and
governed by the provisions of the statute of limitation
respecting written instruments." That statement was
unnecessary to a decision of the case, for the reason that
a deed poll was not involved in the case, and the court
found in favor of the party who signed the contract as to
the facts. The language used is directly contrary to the
decision of this court in *Dismukes* v. *Halpern, supra,*
though no mention was made of that case. That was a
case where a partition of lands of the decedent between
the widow and heirs was had under an order of the pro-
bate court, and the commissioners reported that some of
the heirs should make payments of money to adjust the
differences and value in the lands allotted to them, re-
spectively. The deeds executed by the commissioner re-
cited those agreements and the court held that the accep-
tance of the deeds amounted to an election to perform
the conditions and was binding notwithstanding the deeds
were not signed by the obligors. But in disposing of the
question of the statute of limitation, the court said: "The
terms of the contract are found in the commissioner's

deed, but the only obligation upon Daniels to comply with those terms is implied from his acceptance of the deed. It was not the deed that created the charge upon the land, because the probate court could not invest the commissioners with that authority. The assent of Daniels is what gives validity to the charge, and as his assent creates an implied liability only, the three-years statute governs.''

We adhere to the doctrine announced in *Dismukes* v. *Halpern,* and to the extent that the language in *Parker* v. *Carter* conflicts with it, that language in disapproved. With possibly one exception, there is only one authority which goes to the extent of holding that an implied promise to pay a consideration named in a deed and recited as paid is in effect a contract not in writing, and that is the case of *Fowlkes* v. *Lea,* 84 Miss. 509. That case was decided by a divided court, and the dissenting opinion is in line with our decision in *Dismukes* v. *Halpern, supra.*

The decree of the chancellor was therefore correct, and the same is in all things affirmed.