TELLIER v. DARRAGH.

4-9676                                        247 S. W. 2d 960

Opinion delivered April 14, 1952.

*Moore, Burrow, Chowning & Mitchell, Lawrence B. Burrow, Jr.,* and *Walter L. Pope,* for appellant.

*Owens, Ehrman & McHaney,* for appellee.

GEORGE ROSE SMITH, J. This is an action brought by the appellee, F. K. Darragh, to quiet his title to certain wild and unimproved land near Little Rock. There is involved in this appeal the title to an undivided one-third interest in the land, this third having formerly been an asset of the estate of W. P. Feild, Jr., who died in 1932. Feild's widow was named as executrix of his will, and as executrix she sold this one-third interest to herself as an individual in 1942. Mrs. Feild held the title until she conveyed to Darragh in 1950. When Darragh brought this suit a few days later he joined as defendants the various creditors of the Feild estate, including the two appellants, Grace W. Tellier and R. L. Bradley. The complaint alleges that the various defendants hold claims against the Feild estate but that the claims are barred by limitations and laches and should be canceled as clouds on the plaintiff's title. The two appellants are the only defendants who resisted the suit. Bradley filed a cross-complaint asking that the executrix' sale to herself be set aside and the land be sold to pay his claim. Mrs. Tellier does not attack the executrix' sale but does insist that the sale was subject to a lien in her favor, which should be foreclosed. The issue in each case is whether the appellants waited too long before asserting in 1950 rights that might have been enforced in 1942. The chancellor dismissed both cross-complaints for want of equity.

The Feild estate was evidently insolvent. In 1938 the probate court, in order to pay debts, ordered the executrix to sell at public sale this one-third interest in

land, which seems to have been the last remaining asset of the estate. In 1942 the executrix reported that at the public offering no one had bid two-thirds of the appraised value of the property. The court then authorized her to sell the land by private sale. Under that authority the executrix sold the property to herself in satisfaction of administration expenses which she had advanced and of the funeral bill, which she had paid, the total of these items being $883.28. The deed, which was approved by court order, recites that the conveyance is subject to a lien to secure the fee of $900 previously allowed by the court to J. A. Tellier as attorney for the executrix. This is the lien now asserted by Mrs. Tellier, who is the widow of J. A. Tellier and a lawyer herself.

Both appellants justify their eight-year delay upon the theory that a claim against an estate is a judgment and that the statute of limitations applicable to judgments is ten years. Ark. Stats. 1947, § 37-212. Furthermore, we have held that the statute does not begin to run against such a claim until the administration has been closed. "[The claim] stands, meanwhile, waiting payment, in due course, under orders of the court. It has the force and dignity of a judgment, but differs from it very materially in several respects. No execution can issue upon it. No demand can be made for it of the personal representative, until its payment be ordered, and the order of payment does not always, or generally, follow the allowance. Never as a matter of course. The court must ascertain all the debts of its class, and all having precedence; and must take an account of the assets, and *pro rata* them, if necessary, before ordering payment. . . . It is quite plain that the Statutes of Limitation have no application in favor of an estate as against allowances; or it might be practicable, by long postponements of, or impediments to the closing of an estate, to defeat all the allowances wholly." *Fort* v. *Blagg,* 38 Ark. 471. In answer to the appellants' reasoning Darragh contends that in similar situations we have held that the creditor's effort to reach the real estate is analogous to an action for the recovery of real property, as to which the limitation is seven years. Ark. Stats.,

§ 37-101; *Mays* v. *Rogers,* 37 Ark. 155; *Roth* v. *Holland,* 56 Ark. 633, 20 S. W. 521; for perhaps a better analogy, where there has been no adverse possession, see *Martin* v. *Gregory,* 86 Ark. 280, 110 S. W. 1046.

We find it unnecessary to decide whether the seven- or ten-year statute governs, as the issues can better be settled upon other grounds. Mrs. Tellier acted as attorney for the executrix when the 1942 sale occurred, prepared all the necessary documents, and unquestionably believed that in the circumstances the executrix' sale to herself was permissible. Mrs. Tellier has adhered to that view, as she does not attack the sale but asks instead that her lien be foreclosed. We think it plain that in her case the governing statute of limitations has run. It is true that her claim was originally a judgment against the estate, enforcible for ten years. But as to this particular asset Mrs. Tellier waived her right to insist upon a sale by the probate court for the purpose of payment and instead accepted the contractual lien recited in the executrix' deed. In doing so she likewise waived, as to *this* asset, the protection afforded to her as a judgment creditor. We have quoted the reasons why the statute does not run against a claim until the administration is closed, and it is evident that they do not apply to Mrs. Tellier's lien. As to this asset she was no longer required to await the action of the probate court for payment; on the contrary, her remedy was by foreclosure in chancery, and the suit could have been filed the day after the executrix' deed was delivered, regardless of whether the administration had been closed. By accepting a contractual lien upon this land Mrs. Tellier brought herself within either the three-year statute applicable to implied obligations not in writing (Ark. Stats., § 37-206; *Cotham* v. *Lucy,* 115 Ark. 84, 171 S. W. 113) or the five-year statutes applicable to written obligations (§ 37-209) and to actions not otherwise provided for (§ 37-213). In either case a delay of eight years is too long.

There is some suggestion that the statute was not properly pleaded by the appellee, but the argument is without merit. The complaint asserted that the various claims were barred by limitations and laches; so there

was no reason for the plaintiff to respond to the cross-complaints merely to reaffirm the position he had already taken.

In Bradley's case the situation differs from that of Mrs. Tellier, as Bradley relies upon an original claim probated in 1932 rather than upon a contractual lien. It goes almost without saying that the executrix' sale to herself was voidable, as the law declares inflexibly that a fiduciary cannot permit his personal interest to conflict with his duty as trustee. But the transaction was sufficient to pass legal title, the creditor's remedy being to seek the imposition of a constructive trust in a court of equity. It is familiar law that, in the absence of concealment, the trustee of a constructive trust is entitled to the benefit of the statute of limitations and to the defense of laches. *Matthews* v. *Simmons*, 49 Ark. 468, 5 S. W. 797; Rest., Trusts, Ark. Anno., § 219; Rest., Restitution, § 179. Here there was no concealment, the entire transaction being a matter of record.

The facts show that the enforcement of Bradley's claim against this property is barred by the rule of laches. Although laches does not constitute a bar to the legal enforcement of a judgment, as by writ of execution, *Ward* v. *Sturdivant*, 96 Ark. 434, 132 S. W. 204, here Bradley asks the active aid of equity in the declaration of a constructive trust. The situation of the parties has changed so greatly since the claim was filed in 1932 that equity should refuse relief.

Bradley's claim was originally a mortgage debt owed by Feild and two other mortgagors and secured by property not now in controversy. When Feild died the mortgagee probated a claim against the estate for the entire debt of $4,400. In 1934 the mortgage was foreclosed against the executrix and the other two debtors, resulting in a deficiency judgment for $2,000; this is the claim now asserted by Bradley. The mortgagee failed to revive its judgment against Feild's co-obligors; so as a result of the creditor's delay the Feild estate has lost its right of contribution as to two-thirds of the debt.

If this were the only factor we might protect the estate by permitting Bradley to realize only a third of his claim. Rest., Restitution, § 148, Comment c. But other changes have taken place as well. Bradley's claim was originally subordinate to the expenses of administration, to Mrs. Tellier's claim for an attorney's fee, and to the funeral expenses. Those claims totaled more than $1,700, which the scant evidence in the record indicates to have been the value of this one-third interest in the early course of the administration. During Bradley's long and unexcused delay all these preferred claims have been outlawed. It is apparent that there was no equity in the property for Bradley originally and that he now seeks to realize an increase in value that took place during his long period of inaction. This is a matter we may consider in determining the existence of laches. *Horn* v. *Hull,* 169 Ark. 463, 275 S. W. 905. Finally, during all these years it was the Feild family who paid the taxes on the property, and it has now passed into the hands of a purchaser for value. In view of all these circumstances we are of the opinion that Bradley's claim is too stale to warrant the assistance of equity.

Affirmed.

GRIFFIN SMITH, C. J., dissents.