DAVIS v. LITTLE.

5-671                                                      279 S. W. 2d 31

Opinion delivered May 16, 1955.

*W. J. Dungan* and *H. M. Cooley,* for appellant.

*John D. Eldridge, Jr.,* for appellee.

GEORGE ROSE SMITH, J. The question in this case is whether the appellant, as the vendor in a conditional sales contract, has elected to retake the property in satisfaction of the debt and has thereby lost his right to recover the purchase price. The trial court, by the two

orders now appealed from, held that the seller had elected to pursue his remedy against the property sold.

In 1950 the appellant sold a threshing machine to the appellee for $1,875. The purchaser was allowed a credit of $300 for a trade-in and executed a conditional sales contract for the unpaid balance of $1,575. By mutual mistake, however, the two promissory notes that were given for this balance totaled only $1,475 instead of $1,575.

Upon the appellee's failure to make any payment of either principal or interest the appellant brought this suit in equity. By his complaint he asked (*a*) that the notes be reformed to reflect the true amount of the debt, (*b*) that he have judgment for $1,575 with interest, (*c*) that, if the judgment were not paid within a reasonable time to be fixed by the court, the sheriff be directed to take and sell the thresher, and (*d*) that the plaintiff have execution for any deficiency remaining after the proceeds of sale had been applied on the judgment. The appellee was served with summons on May 30, 1952, but made default. On September 8, 1952, the chancellor entered a default decree by which the plaintiff was awarded precisely the relief sought. Upon the appellee's failure to pay the debt within the time fixed by the court the sheriff, in obedience to the decree, took the threshing machine from the appellee, advertised it for public sale, and on September 20, 1952, held the sale, at which a third person bought the property for $50.

On November 13, 1952, which was before the term of court had lapsed, the appellee filed a petition asking that the decree be amended to eliminate personal liability for any deficiency remaining after the application of the proceeds of sale. A hearing on this petition was delayed by the illness and death of the plaintiff's attorney; but in December of 1954 and January of 1955 the court entered the orders now under review. By these orders the sale was confirmed, the appellee's request for an amendment of the decree was granted, and the

creditor was denied execution for the unsatisfied balance of the purchase price.

It is contended by the appellant that his complaint is primarily a demand for a money judgment and that the prayer for a sale of the thresher should be treated as a request for a specific attachment—a remedy available to a conditional seller. Ark. Stats. 1947, §§ 34-2301 *et seq.* The appellee in turn argues that the complaint is an impermissible attempt to foreclose a conditional sales contract and that, apart from the equitable cause of action for reformation of the notes, the suit is in substance an action in replevin. Upon this premise the appellee invokes the familiar rule that a conditional vendor who replevies the property cannot have judgment for the purchase money as well.

It is unnecessary to determine whether this suit is in effect one for specific attachment or an effort to "foreclose" the contract, for in either event the appellee's position is not well taken. The complaint was specific in asking for relief which the appellee now contends to be without precedent. This asserted defect, however, did not involve a complete want of judicial power. Within the time allowed for answer the defendant was free to raise the objection now urged, thereby either forcing the plaintiff to elect his remedy or preserving the objection as a basis for appeal.

Instead of pleading to the complaint the appellee let the matter go by default. The decree directed that any overplus resulting from the sale be paid to the appellee. It was not until the property had been sold to a third person for an amount less than the debt that the appellee finally appeared in court and sought at the same time to take advantage of that part of the decree which might be construed as an election by the plaintiff and to reject that part of the decree which imposed personal liability on the defendant. "A party cannot ratify and yet repudiate the same transaction in one breath. He must make his election at the outset, to repudiate it *in toto* or take it *cum onere,* and when once made and acted upon, he is

estopped from assuming an attitude inconsistent with his first position and detrimental to the rights of others." *Dismukes* v. *Halpern,* 47 Ark. 317, 1 S. W. 554. Having chosen to remain silent and speculate upon the possibility of deriving a benefit from the decree, the appellee cannot now be permitted to change his position to the plaintiff's prejudice.

Reversed.

SEAMSTER, C. J., not participating.