AMERICAN MORTGAGE COMPANY OF SCOTLAND *v.* MILAM.

64 305
65 491
64 305
f66 205

Opinion delivered October 9, 1897.

STATUTE OF LIMITATION—MORTGAGES.—Under Sand. & H. Dig., § 5094, providing that "in suits to foreclose or enforce mortgages or deeds of trust it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given," suits at law for the possession of the mortgaged property, as well as suits in equity to foreclose, must be brought within the period of limitation for a suit on the debt which the mortgage or deed of trust was given to secure. (Page 306.)

APPEAL—ASSUMING INCONSISTENT POSITIONS.—Where the parties elected in the court below to try the case upon a certain issue, they cannot on appeal try it upon a different issue. (Page 307.)

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

*L. C. Hall* and *Watson & Fitzhugh*, for appellants.

The act making the same limitation apply to mortgages as to the debts secured does not apply to the right of the mortgagee to take possession and apply rents and profits to debt. 16 Ark. 129; Boone, Mortgages, § 209; Wood, Lim. 451; Angell, Lim. §§ 7, 23 and 29; 5 Ark. 536. The fact that the remedy on the debt is barred does not not extinguish the indebtedness. Jones, Mortgages, § 1203; Wood, Lim. pp. 77 and 451; 13 Am. & Eng. Enc. Law, page 705, note 1. The mortgage contains an express covenant to pay the debt, and, being under seal, is governed by the statute of limitations applicable to sealed instruments. 32 Ark. 410; 43 *id.* 465; 44 *id.* 101; 61 *id.* 115, 119 and 120; 15 Wend. 218; Boone, Mort. p. 57; Wood, Lim. 71; 3 Gray, 517; 148 Ill. 653; 2 L. R. A. 141; 98 Ind. 37; 106 Ind. 335 and 336; 2 Jones, Mortg. 1225, 1207.

*J. Virgil Bourland*, for appellee:

Appellants are estopped to rest their case in this court on the *covenant* in the mortgage, because they rested it on the note

in the court below.    55 Ark. 163; 54 Ark. 216; *ib.* 289; 53 Ark. 269; 46 Ark. 97; 7 Am. & Eng. Enc. Law, 2; 2 Herman, Est. 943; 53 Ark. 453; *ib.* 479; 37 Ark. 543; 34 Ark. 537. The deed was given to secure the note, and not the covenant. The recital of the note in the mortgage does not add to nor detract from the nature of the obligation.

Wood. J.    This was an action in ejectment, brought by appellant January 19, 1895, to obtain possession of a certain tract of land which it claimed under a deed of trust executed February 13, 1883, by Rufus K. Milam and wife to J. K. O. Sherwood, trustee for appellant. Appellee claimed title under a deed from said Milam and wife, executed to him on the 3d day of October, 1893, and he pleaded "that plaintiff's cause of action had not accrued within five years." This plea presents the only question. The deed of trust was given to secure an indebtedness of $500 evidenced by an unsealed promissory note of even date with said deed.

It is conceded, if the five years' statute of limitations applies, the action is barred. But it is contended: First, "that the act of March 25, 1889 (§ 5094, Sand. & H. Dig.), does not apply;" second, "that, if said act does apply, the deed of trust, being sealed, and containing a covenant or promise to pay the debt, makes ten years the period of limitation to this action."

First.    The first part of section 5094, Sand. & H. Dig., is as follows:    "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given." Under this statute, suits in equity to foreclose, as well as suits at law for the possession of the property mortgaged, must be brought within the period of limitation for a suit on the debt which the mortgage or deed of trust was given to secure. The purpose of the legislature was, simultaneously with the barring of the debt, to extinguish every remedy under the mortgage or deed of trust securing it.

Appellant is seeking to enforce its mortgage, although not by a suit to foreclose the equity of redemption, and it comes within the express terms of the statute. Sand. & H. Dig., *supra*; 2 Wood, Lim. (2 Ed.) p. 550; Jones, Mort. (5 Ed.) § 1207.

Second. The allegations of the complaint show that appellant based its right to recover upon the unperformed condition in the deed of trust "to pay a certain note," which it (the deed of trust) "was given to secure." The recitals in the deed of trust itself show that the debt was "evidenced by the promissory note," and that it was "intended" by this deed (deed of trust) more effectually to secure and make certain the payment thereof. Under the allegation of the complaint and the recitals in the deed of trust, it is plain that the deed of trust was given to secure the note, and that the "debt" or "liability," as used in the statute, was the note,

Moreover, appellant elected to rest its case in the court below upon rights accruing to it under its deed of trust, in event of failure "to pay a certain note." Appellee pleaded that this note was barred. This was the issue below. Appellant cannot shift here. *Radcliffe* v. *Scruggs*, 46 Ark. 97.

The right to bring suit on the note (which it treated as the only evidence of its debt in the court below) being barred, the right to maintain a suit to enforce the deed of trust given to secure the note is also barred. § 5094, Sand. & H. Dig., *supra.*

Affirm.