COOPER *v*. RUSH.

Opinion delivered May 12, 1919.

1. SUBROGATION—PAYMENT OF NOTE BY SURETY—BURDEN OF PROOF.—
   In an action by a surety on a note, where the complaint alleges
   that he paid a judgment on the note against him and his prin-
   cipal, and that he had the judgment assigned to himself, which
   allegations are denied by defendant, plaintiff has the burden of
   proving the assignment of the judgment to him.

2. LIMITATION OF ACTIONS—RIGHT TO CONTRIBUTION.—The right of
   action for contribution accrues when one surety pays more than
   his share of the common liability.

3. SAME—CONTRIBUTION.—The three-year statute (Kirby's Digest,
   § 5064) applies to a right of action by one surety on a note
   against another for contribution; the liability being implied.

Appeal from Garland Circuit Court; *Scott Wood,*
Judge; affirmed.

STATEMENT OF FACTS.

This is an action at law by a surety who claims that
he has paid the amount of a judgment obtained against
him and his principal.

According to the allegations of his complaint, on the
31st day of January, 1914, the Citizens National Bank of
Hot Springs obtained judgment in the Garland Circuit
Court against L. D. Cooper, C. C. Rush and C. G. Bryan
for the sum of $1,532.58 and the accrued interest. The
judgment was obtained in a suit on a certain promissory
note executed and delivered to the bank by C. G. Bryan
and C. C. Rush on April 19, 1913, for the sum of $3,500
for money borrowed from said bank by Bryan and Rush.
L. D. Cooper endorsed said note as surety and paid to the
bank the amount of its judgment and had the same as-
signed to him. The complaint further alleges that no
part of the judgment had been paid to the plaintiff,
Cooper, and he prays judgment against the defendant,
Rush, for the amount sued for.

The defendant demurred to the complaint and also
filed an answer. In his answer the defendant admits that
judgment was rendered against the plaintiff, himself and
C. G. Bryan in favor of the Citizens National Bank for

the sum of $1,532.58 and the accrued interest as alleged in the complaint. Defendant avers that he was a co-surety with the plaintiff on said note. He denies that the plaintiff voluntarily paid such judgment, but alleges the truth to be that the same was collected by the sheriff of Garland County upon execution. He denies that said judgment was ever assigned to the plaintiff. The defendant, also, pleaded the statute of limitations.

The case of the *Citizens National Bank* v. *C. C. Rush, C. G. Bryan and L. D. Cooper* was appealed to the Supreme Court and the judgment was affirmed on July 13, 1914. See *Rush* v. *Citizens National Bank*, 114 Ark. 170. It was agreed between the parties hereto that the transcript in that case should be read in evidence in the case at bar in so far as the same was applicable.

According to the evidence adduced by the plaintiff in that case, Bryan and Rush executed the note as principals and Cooper endorsed it for them.

According to the testimony of Rush, he only signed the note as surety. An execution was issued in the circuit court judgment in the case of *Citizens National Bank* v. *C. C. Rush et al.* and returned satisfied by the sheriff on April 20, 1914.

The present case was submitted to the court sitting as a jury. The court found that the action was barred by the statute of limitations and dismissed the complaint of the plaintiff.

From the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*L. E. Sawyer*, for appellant.

1. The cause of action was not barred by limitation, as the suit was not on implied contract but was a suit based on a judgment assigned to appellant. 16 Ark. 72; 23 *Id.* 531; 1 Brandt on Sur. & Guaranty (2 ed.), 348, § 230; Freeman on Judg. (3 ed.), 495, § 470, etc.

The limitation on suits upon judgments is ten years and not three. Kirby's Digest, § 5073.

2. Summary remedies are not exclusive. 32 Cyc. 264 (111). Appellant had the right to have the judgment assigned to him, as he paid it and is not barred by our statute. 96 Ark. 268; 106 Fed. 794.

3. The cause was not barred by *res adjudicata* as to the relationship of surety and principal as sought to be shown by the old transcript introduced in evidence. That question was not raised by the pleadings nor any motion in the original cause. Appellant had the right to have the judgment assigned to him and to keep it alive either by execution suit or otherwise and is not barred by our statutes of limitations. The cases in 16 Ark. 72 and 23 *Id.* 531 do not apply, as this was not a suit in *assumpsit* on the implied contract, but on a judgment duly assigned. Brandt on Sur. & G., § 230 (2 ed.), and Freeman on Judgments (3 ed.), § 470; Kirby's Digest, section 5073.

*R. G. Davies,* for appellee.

The facts before the court showed that there was no assignment of the judgment. Kirby & Castle's Digest, § 5186. There was nothing to assign, as the judgment was satisfied by execution. The skeleton bill of exceptions here cannot be considered. The motion for new trial was not filed within three days and the facts are not before this court. But the suit is barred by our statute. 23 Cyc. 1414; 39 Ark. 238; 68 *Id.* 71. The court below had all the evidence before it and properly held that the suit was barred and the judgment should be affirmed, as there is no bill of exceptions. 91 Ark. 405; 16 *Id.* 86, 293; 20 *Id.* 636; 50 *Id.* 107; 57 *Id.* 544; 96 *Id.* 271; 28 *Id.* 530; 23 *Id.* 530; 23 Cyc. 1470.

A judgment once paid off cannot be assigned. 16 Ark. 216. See also 25 Miss. 63; 6 Rob. (N. Y.) 552; 5 Rawles (Pa.) 131; 123 Ark. 77; 113 *Id.* 488; 93 *Id.* 62; 7 *Id.* 81; 23 Cyc., pp. 1491, 1595-6; Daniels on Neg. Inst., § 704 a; 94 Ark. 333.

HART, J., (after stating the facts). The circuit court held that the plaintiff's cause of action was barred by the statute of limitations. The plaintiff sought to

avoid the bar of the statute by alleging in his complaint that he had paid the judgment against himself, the defendant and C. G. Bryan, and had the same assigned to himself. He claims that he should be subrogated to all the rights and remedies of the judgment creditor, whose debt he paid, and that he is in fact a substituted judgment creditor. Therefore he claims that section 5073 of Kirby's Digest, the ten-year statute of limitations applicable to judgments, governs here.

On the other hand defendant denied that the judgment had ever been assigned to the plaintiff. He claims that section 5064 of Kirby's Digest, the three-year statute of limitations applicable to implied contracts not in writing, rules the present case.

The burden of proof was upon the plaintiff to show that he had procured an assignment of the judgment to himself. The law does not itself make the assignment because the plaintiff might have paid off the judgment and might have procured the judgment creditor to assign the judgment to him; but it devolved upon the plaintiff to establish the fact by proof. This he failed to do.

The court found in favor of the defendant on his plea of the statute of limitations. The case was tried before the court sitting as a jury and according to the defendant's evidence he was a cosurety with the plaintiff on the note. The right of action for contribution accrues when one surety pays more than his share of the common liability. In most of the cases it is said that the contract for contribution between sureties is one which the law implies for their mutual protection and indemnity. Nearly all the cases agree, however, that no cause of action arises until payment by one of their common debt and the statute of limitations begins to run against an action to enforce contribution at the time of such payment. *Woods* v. *Leland,* 1 Metc. (Mass.) 387, and *Mentzer* v. *Burlingame* (Kan.), 81 Pac. 196, and case note. Numerous decisions which we have read are cited in the note in support of the principal case.

It follows then that there was an implied liability only against the defendant, and the three-year statute of limitations governs. *Dismukes* v. *Halpern,* 47 Ark. 317, and 32 Cyc. 299. The record shows that the plaintiff paid the judgment on the 20th day of April, 1914. The present suit was commenced on July 23, 1918. Consequently more than three years had elapsed between the time when the plaintiff's cause of action accrued and the time when he commenced this suit.

Therefore the court was right in sustaining the defendant's plea of the statute of limitations and the judgment must be affirmed.