### ENGLAND *v.* HUGHES.

#### Opinion delivered December 15, 1919.

1. BANKS AND BANKING—BANK AS DEBTOR OF DEPOSITOR.—By a general deposit a bank becomes the debtor of the depositor, and bound by an implied contract to pay the sum upon his demand or order.

2. BANKS AND BANKING—RIGHT OF DEPOSITOR TO SUE.—Where a national bank has failed and gone into hands of a receiver who has published a notice for presentation of claims under Revised Statutes, section 5235, a general depositor need not make a demand on the bank in order to become entited to sue for or claim his money.

3. LIMITATION OF ACTIONS—SUSPENSION BY APPOINTMENT OF RECEIVER.—The appointment of a receiver for an insolvent national bank will not stop the running of the statute of limitations against the claims of a creditor.

4. LIMITATION OF ACTIONS—BANK DEPOSITS.—Passbooks or deposit slips of a general bank depositor, being mere receipts, are not within Kirby's Digest, section 5081, excepting bills, notes and evidences of debt of banks from the statute of limitations; the statute referring to instruments issued by a bank passing current as money.

5. LIMITATIONS OF ACTIONS—BANK DEPOSITS.—An action against a bank by a general depositor to recover the amount of his deposit is barred by the three-years statute (Kirby's Digest, section 5064) relating to contracts or liabilities, express or implied, not in writing.

6. BANKS AND BANKING—CONSTRUCTION OF STATE ACT.—The Arkansas banking act, section 58, providing that dividends and unclaimed deposits, remaining unpaid in the commissioner's hands for six months after the order for final distribution, shall be by him deposited in trust for the depositors, refers exclusively to the procedure of winding up State banks, and not to national banks.

7. BANKS AND BANKING—DEPOSITOR TO FILE CLAIM.—Under Arkansas banking act, section 54, requiring that claims should be presented to the commissioner at a time and place fixed by him, and that actions upon rejected claims must be brought within six months after service of notice of rejection, *held* a depositor who has failed to present his claim is not entitled to participate in the funds required by section 58 to be deposited by the commissioner.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

STATEMENT OF FACTS.

On May 26, 1919, W. B. Hughes, as trustee, and others brought this suit against Lloyd England, as receiver of the State National Bank of Little Rock, Arkansas, for the sums respectively set opposite their names.

The plaintiffs allege in their complaint that the State National Bank of Little Rock, Arkansas, was a corporation organized under the laws of the United States and engaged in the banking business. It suspended business on the 19th day of June, 1914, and was declared insolvent by the Comptroller of the United States Treasury, and placed in the hands of a receiver in February, 1915.

In the answer it is alleged that the State National Bank of Little Rock, Arkansas, closed its doors and ceased to do business on June 19, 1914; that at the time the bank closed its doors it began liquidation as an insolvent bank in the manner required by the national bank act, and that notice of such fact was published in the public press; that a receiver was duly appointed for the bank

on the 17th day of February, 1915; that immediately following the date of his appointment the receiver, under order of the Comptroller of the Currency, published a notice requiring all depositors and other creditors of the bank to file their claims with him as receiver within ninety days and stating that any claim not filed within the period designated would be disallowed and barred; that the plaintiffs had on general deposit in the bank at the time it ceased to do business the amounts sued for in this case; that they never presented their claims to the receiver for allowance. Therefore, it is claimed that the plaintiffs are barred of relief by the statute of limitations, and defendant especially pleads in bar of plaintiffs' action the three years' statute of limitation.

A demurrer to the answer was sustained, and, the defendant having refused to plead further, judgment was rendered in favor of each of the plaintiffs for the amount respectively sued for by him. The defendant has appealed.

*Charles T. Coleman,* for appellant.

1. By a general deposit with a bank the relation of debtor and creditor is established. The title to the money passes to the bank, and it agrees to pay it on demand during banking hours, etc. 111 U. S. 127; 161 *Id.* 288; 192 *Id.* 145; 130 Fed. 780; 15 *Id.* 675; 92 Cal. 14; 16 L. R. A. (N. S.) 593; 100 N. Y. 50; 196 U. S. 301; 98 Ark. 294; 46 *Id.* 537; 48 *Id.* 267; 69 *Id.* 43; 104 *Id.* 294; 126 *Id.* 266; 124 *Id.* 531.

2. The action is barred by the three-year statute of limitation. Kirby & Castle's Digest, § 5992. The contract was not in writing; the law implies a promise to pay on demand, and the statute does not begin to run until demand and refusal to pay. A suspension of payment by a bank or discontinuance of business dispenses with necessity of demand. 25 Cyc. 1098; Morse on Banks (3 Ed.) 548; 130 Fed. 780. To the same effect are 10 Gill. & J. 422; 9 *Id.* 439; 8 *Id.* 449; 12 Blatchf. 480; 65 N. H. 670; 23 Atl. 529; 152 Penn. 65: 3 Elliott on Cont.,

sec. 2660; Michie on Banks, etc., pp. 1321-23. The demurrer admits that plaintiffs knew of the suspension of the bank, the appointment of receiver, the order of the comptroller requiring all creditors to file their claims, etc., but they did not file their claims but stood supinely by with full knowledge of all the facts until the period of limitation expired, and they are barred.

3. The action is not within the provision in section 6009, Kirby & Castle's Digest. It is not based on the pass book but is founded on the implied promise to pay between the bank and depositor. 46 Ark. 537; 69 *Id.* 43; 104 *Id.* 550; 124 *Id.* 531; 126 *Id.* 266; 98 *Id.* 294; 53 Mich. 163; 36 Pac. 1066; 3 R. C. L. 531, par. 160. The pass book is not a written contract, but *prima facie* evidence only that the bank has received on deposit the amount stated and the date, etc. 53 Kan. 480; 133 Mass. 16; 53 Mich. 163; 36 Minn. 193. It is not even an account stated. 126 Ark. 266. Its real status is a receipt. Our statute excepts ''evidences of debt issued by a bank,'' and pass books are not issued as evidences of debt. What is meant by ''evidences of debt issued by the bank'' is shown by the history of our law. Rev. Stat. 1838, chap. 91, and sec. 18; 4 Ark. 175; 13 *Id.* 563; Rev. Stat., chap. 109. The rule *ejusdem generis* requires that the general words only include the kind or class as those specifically enumerated. 104 Ark. 263; 95 *Id.* 114; 73 *Id.* 602; 101 *Id.* 593; 61 *Id.* 494. The use of the deposit slip is well understood as a mere receipt and is not assignable. 134 N. Y. 368, 32 N. E. 38. As to meaning of ''issue or put in circulation,'' see 17 Barb. 309-341. Provisos are construed strictly and take no case out of the enacting clause not falling clearly within its terms. 15 Pet. 165; 46 Ark. 306-310; Black on Int. of Laws, p. 275.

*Wallace Townsend,* for appellees.

1. Deposits are included in the term ''evidences of debt'' as used in Kirby & Castle's Digest, section 6009. 36 Mich. 494; 24 Am. Rep. 610. Pass books are evidence of debt. 16 N. E. 904-6; 24 L. R. A. 737; 117 U. S. 96-106; 126 Ark. 266-277.

2. The rule *ejusdem generis* does not operate against appellees. 2 Ark. 250; 102 *Id.* 218-19; Endlich, Int. Stat., § 409, cited in 70 Ark. 458.

3. The *lex fori* prevails. 155 U. S. 610-618; 27 Fed. 503-6. The suit is not barred by our statute. *Supra.* See also 27 Fed. 503; 44 *Id.* 586; 97 *Id.* 309-318; 98 *Id.* 375; 106 *Id.* 791. Under the provisions of our banking act and laws, the appellees are not barred. Act No. 113, Acts 1913. The statute does not run against trusts. 46 Ark. 25; 52 *Id.* 168; 132 *Id.* 402-410; 58 *Id.* 84-90. The Legislature can not deprive parties of an existing right by cutting off the remedy. 13 Ark. 262; 78 *Id.* 392-7; 65 Cal. 71; 2 Pac. 887. The appointment of a receiver does not work a dissolution of a bank, but it remains liable to creditors and suits. 14 Wall. 383. The receiver can have no defense the bank did not have. 34 Cyc. 191, 193; 98 Ark. 280-294. The barring of claims for non-presentation follows only where there is a final distribution of funds. 34 Cyc. 342. The act of 1838 deprives appellant of the defense of limitation, as does the act of 1913.

HART, J., (after stating the facts.) The circuit court sustained a demurrer to the answer of the defendant, and so the allegations of the answer must be taken as true. The answer alleges that each of the plaintiffs had on general deposit in the bank at the time it failed the sum respectively set opposite his name; that the bank was adjudged insolvent and a receiver appointed; that under an order of the Comptroller of the Currency notice was duly given requiring all depositors and other creditors of the bank to file their claims with the receiver within ninety days, and that the plaintiffs failed to do this.

By a general deposit, a bank becomes the debtor of the depositor, and bound by an implied contract to pay the same upon his demand or order. *Steelman* v. *Atchley,* 98 Ark. 294; *Himstedt* v. *German Bank,* 46 Ark. 537; *Henry* v. *Conley,* 48 Ark. 267; *Carroll County*

*Bank* v. *Rhodes*, 69 Ark. 43; *Covey* v. *Cannon*, 104 Ark. 294; *Citizens Bank & Trust Co.* v. *Hinkle*, 126 Ark. 266, and *State National Bank* v. *First National Bank*, 124 Ark. 531, and *Burton* v. *United States*, 196 U. S. 301.

When the bank failed and went into the hands of the comptroller, its business was at an end, and when the comptroller, under section 5235 of the Revised Statutes of the United States, directed the receiver to publish a notice for three consecutive months calling on all persons who might have claims against the bank to present the same and make legal proof thereof, this amounted to a waiver of the necessity for a demand by the depositor before he became entitled to sue for or claim his money. By closing its doors and ceasing to do business, the bank said in effect that it would not pay the depositors, and the law does not require a vain or fruitless thing to be done. Michie on Banks and Banking, vol. 2, p. 1323. *Planters Bank* v. *Farmers Bank* (Md.), 8 Gill & J. 449; *Union Bank* v. *Planters* (Md.), 9 Gill & J. 439, 31 Am. Dec. 113, and *Watson* v. *Phoenix Bank* (Mass.), 8 Metc. 217, 41 Am. Dec. 500.

It may be also stated in this connection that the appointment of a receiver will not stop the running of the statute of limitations against the claim of a creditor of an insolvent bank. *Davis* v. *Scott, Recvr.*, 129 Ark. 226. More than three years elapsed from the time the notice to creditors was published by the receiver under orders from the Comptroller of the Currency until this suit was brought. Hence counsel for the defendant claims that the plaintiffs are barred under the first subdivision of section 5064 of Kirby's Digest which provides that all actions founded upon any contract or liability express or implied not in writing shall be commenced within three years.

On the other hand, counsel for the plaintiffs claim that section 5074 of Kirby's Digest, which provides that all actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued, governs the case at bar. They base

their contention on section 5081 of Kirby's Digest, which provides that none of the provisions of this act shall apply to suits brought to enforce payment on bills, notes, or evidences of debt issued by any bank or moneyed corporation. They claim that amounts due by the bank on general deposits are "evidences of debt" issued by the bank. Hence they say that it is not an action specifically provided for in the statute of limitations and is included within the provisions of section 5074 of Kirby's Digest. We can not agree with counsel for the plaintiffs in their contention. When the statute of limitations in section 5081 of Kirby's Digest speaks of bills, notes or evidence of debt issued by any bank it refers to instruments of writing issued by the bank which shall circulate as currency or as a medium of exchange in this State and does not refer to general deposits. Deposit slips and deposit entries in pass books are not contracts in writing, but are mere memoranda or receipts. The use of deposit slips or pass books is well understood. It merely constitutes an acknowledgment that the amount of money named therein has been received by the bank, and it is not expected that the deposit slip will ever be presented to the bank again unless a dispute should arise as to the amount of the deposit, in which event it would become important as evidence. It is a receipt, merely, and will not support an action against the bank. The suit should be brought on the debt, and the deposit slip or pass book would be evidence as to the time and amount of the deposit showed thereon. 3 R. C. L., p. 531, par. 160; 7 C. J., pp. 637 and 638; *Talcott* v. *First Nat. Bank of Larned,* 53 Kan. 480; *Com.* v. *Reading Saving Bank,* 133 Mass. 16; *Davis* v. *Lenawee Bank,* 53 Mich. 163; *Branch* v. *Dawson,* 36 Minn. 193, and case note to L. R. A. 1918 B at 298. See also *Citizens Bank & Trust Co.* v. *Hinkle, Admr.,* 126 Ark. 266. Of course, a certificate of deposit might be written by the bank in such language as to constitute it both a contract and a receipt. Such is not the case here however.

According to the allegations of the answer the plaintiffs deposited their money in the usual way on general deposit and the bank owed them the amounts which they deposited. If the deposit slips or pass books are nothing more than receipts, they could not form the basis of an action against the bank as above stated, and could only be used as evidence against the bank. It follows that the words, "evidence of debt," as used in the statute refer to instruments issued by the bank and signed by it of the same class as bills and notes and which should pass current as money.

Counsel for the plaintiffs have cited two cases contrary to the views herein expressed, but we do not deem it necessary to review them. In the first place, it may be said that the decisions are based upon the peculiar language of the statutes of the States wherein they were decided. In the second place, if such were not the case, we think they are opposed to the great weight of authority, which hold that deposit slips and pass books are not written contracts but are receipts and nothing more.

It follows that the court erred in sustaining a demurrer to the answer, and for that error the judgment will be reversed, and judgment rendered here in favor of the defendant.

HART, J., (on rehearing). Counsel in his brief on his motion for a rehearing relies upon section 58 of the Banking Act to show error in the opinion of the court. Acts of 1913, p. 462.

Section 58 provides that dividends and unclaimed deposits remaining unpaid in the hands of the commissioner for six months after the order for final distribution, shall be by him deposited in one or more State banks in trust for the several depositors.

In the first place it may be said that this section refers exclusively to the procedure of winding up insolvent State banks. It is claimed by counsel that the section also applies to insolvency proceedings under the National Bank Act because of the absence of any provision

on the subject in that act. Even if counsel should be correct in that contention, section 58 would have no application here. Section 54 of our banking act provides that all persons who have claims against the insolvent bank shall present the same to the commissioner at a time and place to be fixed by him. It further provides that actions upon rejected claims must be brought within six months after service of notice of such rejection upon the claimant.

In the case at bar no presentation of claims by the plaintiffs as depositors was made, and it is evident that it is only in such cases that section 58 applies.

It follows that the motion for a rehearing must be denied.