## UNITED STATES FIDELITY & GUARAN-TY CO. et al. v. FIRST NAT. BANK OF EL PASO et al.

### No. 3294.

Court of Civil Appeals of Texas. El Paso.

March 12, 1936.

Rehearing Denied April 2, 1936.

Harrison, Scott & Rasberry and R. J. Channell, all of El Paso, and Cedric Taylor, of Houston, for appellant.

Jones, Hardie, Grambling & Howell, of El Paso, for appellees.

PELPHREY, Chief Justice.

On September 18, 1930, George Pendell and wife executed an application to the Federal Land Bank of Houston for a loan of $8,500, to be secured by a lien on certain farming land near Ysleta in El Paso county, Tex. This application was approved by the El Paso Valley National Farm Loan Association for a total of $7,500. At this time Walter Taylor was secretary and treasurer of the association. After its approval the application was forwarded to the Federal Land Bank of Houston, who sent to Taylor deed of trust and other papers in blank to be executed by Pendell and the Title Guaranty Company.

In February thereafter, Pendell abandoned all efforts to secure the loan, and later, Taylor, to cover shortages in his accounts, forged the names of Pendell and wife to the deed of trust and note. Acting upon such forged signatures, the note and deed of trust were indorsed by the Farm Loan Association and assigned to the Federal Land Bank. Upon receipt

of the note and deed of trust the Land Bank sent its check for $7,125 to Walter Taylor, payable to the order of G. F. Keays, and Walter Taylor, secretary-treasurer, Keays having been represented by Taylor to be the holder of a prior mortgage on the Pendell property which was being taken over and extended by the new loan from the Land Bank. Taylor indorsed the name of "G. F. Keays" on the back of the check and signed it himself as "Sec.-Treas."

On February 7, 1931, he deposited the check in the First National Bank of El Paso, Tex., to the account of "Walter Taylor, Trustee." From this account Taylor made withdrawals, most of them to the Farm Loan Association to reimburse it for his previous shortages in his accounts. The check was indorsed by the First National Bank of El Paso and forwarded to its correspondent bank at Houston, Tex., who in turn presented it through the Houston clearinghouse to the Second National Bank of Houston on which it was drawn. This bank paid the check through the clearinghouse on February 9, 1931. The Land Bank made demand upon appellant who was one of three surety companies jointly bound on a fidelity policy issued to the Land Bank, the Farm Loan Association and others.

Appellant paid the full amount of the claim and took an assignment from the Land Bank of its cause of action against Taylor, Second National Bank of Houston, First National Bank of Houston, and the First National Bank of El Paso.

The surety company then filed suit against the First National Bank of El Paso seeking to recover the $7,125 paid by it to the Land Bank.

The First National Bank and its receiver, S. O. Pottorff, answered by general demurrer, general denial, plea of the statutes of limitation and further specially pleaded that Taylor was the agent of both the Farm Loan Association and the Land Bank, and that the act of Taylor in indorsing the check was the act of the association thereby rendering the association liable on such indorsement to the First National Bank, and that appellant being liable under the terms of the bond to the association equity would not permit appellant to recover.

The First National Bank further pleaded that appellant, being entitled to recover against the association on its indorsement, had sustained no loss.

The bank impleaded the association and sought a recovery against it of any and all sums which appellant might recover against it.

Appellant, in a supplemental petition, pleaded that the powers of the association were defined by law and that it had no power to authorize Taylor to bind it by the indorsement; that Taylor was a public officer; that Taylor was not acting within the scope or apparent scope of his authority in indorsing the check, and that the bank had actual and constructive notice that the funds were not Taylor's funds.

The association answered by general demurrer, general denial, plea of limitations and a plea of laches. Its answer further contained a cross-action against appellant for any sum which might be adjudged against it and for attorney's fees of $1,000.

Upon a trial before the court, judgment was rendered that appellant take nothing as against the First National Bank and its receiver; that the First National Bank and the receiver take nothing as against the Farm Loan Association and that the Farm Loan Association take nothing as against appellant.

Besides the appeal which has been perfected by appellant, the association filed certain cross-assignments of error and its cost bond on appeal.

Opinion.

■ The first question presenting itself is as to the right of appellant, it being the drawer of the check, to recover from the El Paso bank.

Cases in which the payee or an indorsee of a check have been permitted to recover against an intermediate bank which has cashed a check on a forged indorsement are numerous but the reasons for such recoveries are not present in the case of a drawer.

We have, however, found several cases in which the doctrine has been extended to the drawer. Railroad Building, Loan & Savings Association v. Bankers Mortgage Co., 142 Kan. 564, 51 P.(2d) 61, 102 A.L.R. 140; Life Ins. Co. of Virginia v. Edisto National Bank of Orangeburg, 166 S.C. 505, 165 S.E. 178; Washington

564

Mechanics' Savings Bank v. District Title Ins. Co., 62 App.D.C. 194, 65 F.(2d) 827.

That the Texas courts recognize such a cause of action in favor of the drawer, see Labor Bank & Trust Co. v. Adams (Tex.Civ.App.) 23 S.W.(2d) 814.

The trial court filed the following conclusions of law:

"This cause of action of the Plaintiff against First National Bank of El Paso, pleaded by Plaintiff, is one based upon a check drawn by the Federal Land Bank of Houston on the Second National Bank of Houston, and Federal Land Bank of Houston had no cause of action against the First National Bank of El Paso on its endorsement of said check. The only cause of action, if any, which Federal Land Bank of Houston ever had against First National Bank of El Paso in connection with said check, was an action for money had and received, and said cause of action is barred by the two year Statute of Limitations.

"Plaintiff is not entitled to recover against First National Bank of El Paso, or its Receiver, and First National Bank of El Paso and its Receiver are not entitled to recover against El Paso Valley National Farm Loan Association and said Association under the terms of the bond is not entitled to any recovery against United States Fidelity and Guaranty Company."

■ Appellant takes issue with such conclusions and contends that its suit was on the check and to collect its proceeds and was therefore "evidenced by" or "founded upon a contract in writing" and was controlled by the four-year statute of limitations. In support of this position, we are referred to 37 C.J. p. 762, par. 91; Woods-Taylor Co. v. Smith et al. (Tex.Civ.App.) 288 S.W. 1090.

The doctrine laid down in Corpus Juris is that an action by the payee or indorsee of a check to recover thereon is an action on a written contract, while in Woods-Taylor Co. v. Smith, it is held that the person primarily liable on a check is responsible to the holder until barred by the four-year statute. These decisions can have no application here for the reason that appellants' assignor was neither the payee nor the indorsee of the check, and the El Paso bank was not primarily liable on the check. Article 5948, R.S.1925.

In Haines v. Tharp, 15 Ohio, 130, the plaintiff was also the indorsee and was suing the indorser, making the facts different from those here presented.

We feel that the holding in Fidelity & Deposit Co. of Maryland v. Fort Worth National Bank, 65 S.W.(2d) 276, by the Commission of Appeals, fixing the liability of a collecting bank which accepts a check on another bank on a forged indorsement to be for money had and received, is conclusive as to the nature of appellants' suit.

Appellants, however, further contend that even if such be the nature of their cause of action that the two-year statute will not bar their suit, because it and the El Paso bank both acted under a mistake of fact; because the indorsement guaranteeing prior indorsement was a false representation of a material fact the falsity of which was discovered within two years before the suit was filed; because the relation of trustee and beneficiary existed between appellant's assignor and the El Paso bank and the cause of action did not accrue until demand for payment had been made by the beneficiary; because claim was filed with the receiver of the El Paso bank within two years before suit was filed; and because the filing of the claim with the receiver tolled the statute.

■■ The rule that the statute does not begin to run until the mistake is discovered or might have been discovered by the exercise of reasonable diligence applies only to cases where the cause of action is one for relief on the ground of mistake, and not to those where the mistake is merely collateral or incidental. 37 C.J. § 322, p. 950.

Therefore, such rule cannot be depended upon here. The indorsement on the check here involved, "all prior endorsements guaranteed," appellant claims was a representation that all prior indorsements were genuine.

We cannot put such a construction upon that language. Rather do we think it raised a question as to their genuineness. The most that can be said is that it was an obligation upon the part of the El Paso bank to be responsible in case any of the indorsements should prove to be forgeries. There certainly was no such representation as would toll the statute until the discovery of its falsity.

Appellant has not briefed the question as to the trust relation alleged to have existed between its assignor and the El Paso bank, but we think no error is presented on that score.

The general rule appears to be that implied or constructive trusts are not within the operation of the statute. 37 C.J. § 270, p. 909, and this case certainly falls within such category.

We find no merit in the position taken by appellant relative to the presentment of its claim to the receiver. The cases cited on that point are where depositors were suing for money deposited in a bank. In such cases certainly the statute does not begin to run until the depositor demands his money. The general rule is that the appointment of a receiver does not affect the running of the statute. 37 C.J. § 452, p. 1044; England v. Hughes, 141 Ark. 235, 217 S.W. 13; Houston Oil Co. v. Brown (Tex.Civ.App.) 202 S.W. 102.

We have given careful study to the several assignments presented, and have concluded that the trial court correctly held that appellants' cause of action was barred by the two-year statute.

In the fidelity policy issued by the indemnity company to the Farm Loan Association, there appeared the following provision: "A. Any financial loss through any dishonest, fraudulent or criminal act of any employe, as hereinafter defined, wherever committed, or through the failure of any employe to properly and/or faithfully, perform the duties imposed upon such employee under the Federal Farm Loan Act and/or the rules and the regulations of the Federal Farm Loan Board and/or imposed upon, or entrusted to, such employe by the Federal Farm Loan Board, Federal Land Bank, Federal Intermediate Credit Bank or National Farm Loan Association."

After the Farm Loan Association was brought into the case it sought to recover from the indemnity company the sum of $1,000 expended by it as attorney's fees contending that such fees fell within the term "any financial loss through any dishonest, fraudulent or criminal act of any employe. * * *"

The trial court's action in refusing it judgment for attorney's fees is made the basis of cross-assignments of error on the part of the association.

We have examined the authorities presented by both parties and have concluded that the language is not sufficient to warrant a recovery of such fees.

In Cameron v. Barcus, 31 Tex.Civ.App. 46, 71 S.W. 423, cited by the association, the bond was to save harmless from any and all damages, costs, charges, or expenses. In Western Indemnity Co. v. Walker-Smith Co. (Tex.Civ.App.) 203 S. W. 93, the policy was to defend any suit brought.

In Employers' Indemnity Corporation v. Southwest Nat. Bank (Tex.Civ.App.) 299 S.W. 676, the agreement was to hold harmless against all loss, damage, liability, expense, or costs by reason or on account of a pending suit.

In Girard Fire & Marine Ins. Co. v. Koenigsberg (Tex.Civ.App.) 65 S.W.(2d) 783, the indemnity contract called for the payment of attorney's fees.

The language used in Cameron v. Barcus, supra, was much broader than the language here, and was made in the face of threatened litigation.

The action in Western Ind. Co. v. Walker-Smith Co., supra, being based upon an agreement to defend, the rules there announced could have no application here.

The agreement here is certainly much more limited than that in Employers' Indemnity Corporation v. Southwest Nat. Bank, and besides, the expenses there referred to were those of a pending suit. The only case we have found which appears to support the contention of appellant is Eller v. Erwin, 265 S.W. 595, by the Dallas Court of Civil Appeals. In that case Erwin had indorsed a note for Eller to C. C. Slaughter and Eller, joined by his brothers, had executed an indemnity agreement in favor of Erwin to protect him against loss "for such amounts that J. C. Erwin may lose through indorsement of R. C. Eller note to C. C. Slaughter." In that case the court held the language broad enough to cover attorney's fees.

We find, however, that Section B of the Commission of Appeals in Wm. Cameron & Co. v. American Surety Co. of New York, 55 S.W.(2d) 1032, 1035, in a suit on an indemnity agreement in which the surety company had bound itself to fully "indemnify and save harmless the owner from all cost and damage which he may suffer" held that attorney's

fees could not be recovered. The language there is certainly as broad as that in the agreement before us.

The judgment of the trial court will be affirmed.

HIGGINS, J., did not sit in this case.