## SOMMER v. NAKDIMEN.

### No. 11107.

Circuit Court of Appeals, Eighth Circuit.

July 5, 1938.

Harold R. Small, of St. Louis, Mo. (Emmet T. Carter, of St. Louis, Mo., Thomas B. Pryor and Pryor & Pryor, all of Fort Smith, Ark., and Carter & Jones of St. Louis, Mo., on the brief), for appellant.

James B. McDonough, of Fort Smith, Ark. (George O. Patterson and Edward H. Patterson, both of Clarksville, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a suit in equity for the recovery of money. Plaintiff is appealing from a decree dismissing his amended petition after the court had overruled a motion by plaintiff to transfer from equity to law and had sustained a motion by defendant to dismiss. Both rulings are assigned as error. The denial of the motion to transfer is immaterial if the court properly sustained the motion to dismiss.

The grounds of the motion to dismiss the amended petition are in substance that (1) the petition does not state facts sufficient to constitute a cause of action against the defendant, and (2) the petition shows on its face that it is barred by the statute of limitations. In our opinion there is no merit in the contention that the plaintiff failed to state a cause of action. We therefore pass to the more serious question of the statute of limitations.

The obligation sued upon arose out of a transaction which occurred in 1921. The original petition in this suit was filed in the

district court October 27, 1936. A motion to dismiss this pleading having been sustained with leave to amend, plaintiff on September 11, 1937, filed the amended petition with which we are concerned on this appeal. It is in two counts. The first sets out the facts in detail; the second incorporates all of the allegations of the first by reference, and then declares for money had and received. In the attack made by defendant the two counts must stand or fall together. For the most part the facts pleaded in both the original and the amended petition are not ultimate, issuable facts but evidentiary matters. Plaintiff's theory of recovery must be found in the interpretation to be placed upon the facts alleged in the pleadings and upon the interpretation of counsel in the briefs. The amended petition adds but little to the original except plaintiff's explanation of his theory of the inferences to be drawn from the historical facts related in the first petition.

Plaintiff is the administrator of the estate of Lillie N. Lazarus, deceased. The claim sued upon was bequeathed to the decedent by her husband, Sam Lazarus, who died March 5, 1926.

The story set out in the petition begins with the organization in 1919 of the American Construction Company, an Arkansas corporation with 2500 shares of stock owned by Sam Lazarus and others, and of which the defendant Nakdimen had 203 shares. In 1921 the corporation was in debt, and, it is alleged, "provision was made by which said indebtedness was paid in proportion to the respective amounts of its 2500 shares held by the stockholders. * * *" Then "Sam Lazarus, at the request of defendant, provided the cash required for defendant's share to pay said indebtedness, namely $20,300." On the day this payment was made the corporation issued and delivered to the defendant its promissory note in the following form:

"$20,300.00

"St. Louis, Mo., March 1, 1921.

"On or before August 14, 1921, we promise to pay to the order of I. H. Nakdimen

"Twenty Thousand Three Hundred Dollars

"For value received negotiable and payable without defalcation or discount with interest at the rate of eight per cent per annum from date.

"Payable at St. Louis, Mo.
"American Construction Company
"Chas. H. Sommer, President"

The defendant then endorsed on the back of the note the words "Pay to the order Sam Lazarus I. H. Nakdimen," and delivered it to Lazarus in order, so the petition alleges, "to evidence defendant's said indebtedness to said Sam Lazarus." This note was not paid when it matured, and there is no allegation that there was any presentment, protest, or notice of dishonor.

Thereafter "it was determined to wind up the affairs of said Construction Company, and they were wound up by payment of its debts and by the transfer of all of its property to a committee, at first composed of Sam Lazarus, Charles A. Lemp of St. Louis and Chas. H. Sommer." The stockholders surrendered their stock and were given certificates of beneficial interest issued by the committee. The agreement covering the winding up of the affairs of the corporation was dated November 1, 1921, but was actually executed December 16, 1921. As a part of this transaction the committee took up the notes which the corporation had issued to its stockholders, and issued to the payees named in them the non-negotiable notes of the committee. The note so issued to the defendant was in the following form:

"$20,300.00

"St. Louis, December 1, 1921.

"On or before December 1, 1922, the undersigned promise to pay to I. H. Nakdimen, or order, Twenty Thousand Three Hundred Dollars ($20,300.00), for value received, negotiable and payable without defalcation or discount, with interest at the rate of eight per cent (8%) per annum from March 1, 1921. The liability of the undersigned committee for payment hereof is limited to the assets in the control of the Committee, under the terms of an agreement dated as of November 1, 1921.

"Sam Lazarus,
"Ch. A. Lemp,
"Chas. H. Sommer."

On November 9, 1921, prior to the execution of said agreement and note, Sommer wrote Nakdimen a letter dated at St. Louis outlining the plan of liquidation of the corporation and concluding: "We wish

you would sign this proxy, and also arrange to forward your certificates of stock and your Construction Company' notes to the Commonwealth Trust Company which will deliver to you notes and certificates of interest in substitution of those issued by the Construction Company."

Again, on January 5, 1922, Sommer wrote Nakdimen as follows:

"St. Louis, Missouri
"January 5, 1922

"Dear Mr. Nakdimen:

"I am enclosing herewith, note dated December 1, 1921, due on or before December 1, 1922, $20,300.00, which I shall be glad to have you endorse, payable to Sam Lazarus, returning same to me promptly.

"This note is a substitution for a note of similar amount, given by the American Construction Company, and endorsed by you to the order of Sam Lazarus. On account of dissolving the American Construction Company, the old note of that company for $20,300.00 has been cancelled, and the enclosed note is a substitution therefor.

"Yours very truly,
"Chas. H. Sommer."

To this letter Nakdimen replied under date of January 7, 1922: "Your letter of January 5th with note for $20,300 received. I have endorsed the note on the back as requested and herewith return same." The note was endorsed, "I. H. Nakdimen." It is alleged that "said note so endorsed and returned was delivered to Sam Lazarus; that said endorsement and delivery were to evidence said indebtedness to said Lazarus." The note of March 1, 1921, was then surrendered by Lazarus and marked "cancelled" by the Committee.

■ This is the end of the first chapter. It covers the acts and expressed intentions of the parties constituting the original contract and the evidence thereof. Admittedly whatever may have been the nature of the cause of action which arose in 1921, it was barred by the statutes of limitation prior to the time this suit was begun. The claim is that the right to sue was revived by succeeding events and that the statute had not run against the revived cause of action at the time the amended petition was filed. The evidentiary circumstances relied upon to establish the revival are recited in detail. It is alleged that defendant at all times acknowledged "orally and in writing" that he "was obligated to repay said Sam Lazarus, pay the estate of said Sam Lazarus, pay said Lillie N. Lazarus, and now the estate of said Lillie N. Lazarus, said sum of $20,300 at St. Louis, Missouri, with interest at 7% per annum from March 1, 1921." Under the Arkansas law an oral promise or acknowledgment, in an action founded on contract, is not sufficient to take the case out of the operation of the statute of limitations. Section 8943, Pope's Digest, 1937. It will be unnecessary, therefore, to consider the allegation with reference to oral acknowledgments.

The written acknowledgment relied upon is contained in correspondence between Sommer, the administrator, and Nakdimen in 1932. On November 18th Sommer wrote a letter to Nakdimen referring to the notes of the liquidating committee of the American Construction Company, dated December 1, 1921, and due December 1, 1922. In this letter he said:

"One of these notes, as you will recall, is payable to you in the amount of $20,300 to cover the money Mr. Lazarus advanced to your account, you having endorsed the note as evidence of the debt.

"As the period of ten years fixed by the statute of limitations will soon expire the attorneys have directed that I take this matter up with you and the other parties with regard to this liability, suggesting that a new note be executed or that a payment on account be made so that the debt will not be barred by the statute. The attorneys advise a small payment, say $100, will suffice, and perhaps it would be the easiest way of keeping the note alive."

On November 24th Nakdimen wired Sommer: "Will send you fifty dollars by December first as per your request." On November 24th Sommer wired Nakdimen requesting him to mail a check "today." On the same day Nakdimen wired answer saying "Mailing check today for forty dollars as per your wire." The check was mailed on November 25, 1932, and the administrator endorsed on the committee note of December 1, 1922: "Payment of $40.00 made by I. H. Nakdimen and credited on principal Nov. 26, 1932."

The prayer of the amended petition is for judgment against Nakdimen for $20,260 with interest at 8% from March 1, 1921.

■ The law of the case is well settled. The application of the statute of limitations is governed by the law of the

forum; and a federal court will follow the statutes and decisions of the highest court of the state in which it sits and will administer the same justice which the state court would administer between the same parties, when, as in this instance, jurisdiction depends upon diversity of citizenship. Bell v. Morrison, 1 Pet. 351, 7 L.Ed. 174; Inglis v. Sailor's Snug Harbor, 3 Pet. 99, 128, 7 L.Ed. 617; Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. —, 114 A.L.R. 1487. Under the law of Arkansas, the question of the bar of the statute of limitations may be raised by demurrer or motion to dismiss. Tarleton Drainage Dist. v. American Investment Co., 186 Ark. 20, 52 S.W.2d 738; Smith v. Missouri Pac. R. Co., 175 Ark. 626, 1 S.W.2d 48.

Section 8928 of Pope's Digest of the Laws of Arkansas of 1937 provides:

"Contracts or liability not in writing, etc. The following actions shall be commenced within three years after the cause of action shall accrue, and not after: First. All actions founded upon any contract or liability, expressed or implied, not in writing."

Section 8933 of the same Digest provides:

"Notes and instruments in writing. Actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not afterward. Act December 14, 1844, p. 24."

The correspondence between Sommer and Nakdimen in 1932 and the payment of $40 constituted a sufficient written acknowledgment under the law of Arkansas to toll the statute of limitations, and a new period commenced to run November 25 of that year. But the present action was begun October 27, 1936, more than three years and less than five years thereafter. It thus becomes necessary to decide which section of the statute is applicable. The determination of the problem thus presented requires an answer to these two questions:

(1) Is the present cause of action upon a new written contract of November 25, 1932, or is it upon the original 1921 contract, which has been revived.

(2) If the action be upon the original contract, is it upon a "promissory note or other instrument in writing" so as to be governed by the five year statute; or is it "founded upon any contract or liability, express or implied, not in writing," governed by the three-year statute?

First. Where an action, barred by the statute of limitations, is revived by part payment or an acknowledgment in writing the authorities are in conflict as to whether the action is on the original cause of action or on a new written contract. However, the matter has long been settled in Arkansas. Biscoe v. Stone, 11 Ark. 39, 40; Biscoe v. Jenkins, 10 Ark. 108, 119; Harlan v. Bernie & Meyer, 22 Ark. 217, 76 Am.Dec. 428; Arkansas R. Co. v. New York Cent. R. Co., Ark., 111 S.W.2d 457. In the Harlan Case, supra, the Supreme Court of Arkansas said:

"It is the doctrine of this court, and is the law, that a written acknowledgment of a debt, or promise to pay it, is to be considered as a removal of the statute bar from the original cause of action, and not as a new contract, or as a foundation for a new suit, that could not be supported upon the old contract."

This eliminates appellant's contention that because the defendant acknowledged the debt in writing the action is governed by the five year bar of the statute, and makes it necessary only to inquire what the nature of the original contract was and to what limitation the action on it is subject.

Second. The debt originated March 21, 1921, when Sam Lazarus, "at the request of defendant", advanced $20,300 to the American Construction Company to pay its debts, and, thereafter, "to evidence" his obligation Nakdimen endorsed and delivered to him first a note of the construction company dated March 1, 1921, and next a substituted note of the liquidating committee dated December 1, 1921. In the amended petition it is alleged:

"That by said advancement of said amount by said Sam Lazarus to and for the benefit of said defendant, by said notes and the said endorsement and said delivery thereof by said Nakdimen to said Sam Lazarus, and by said letters of November 9, 1921, January 5, 1922, and January 7, 1922, defendant became and was obligated to pay to said Sam Lazarus the said sum of $20,300.00, with interest at 8% per annum from March 1, 1921."

Unless this allegation is read in connection with the other allegations of the amended petition it is difficult to understand. Evidently it is only an attempt to summarize the preceding recitations of the

amended petition, including the alleged cause of action and the evidence by which it is to be proved, because the right of recovery is not predicated upon the notes, endorsements and letters. It is not consistent with the other allegations of the amended petition to assume that the pleader meant that all these instruments should be read together and that so read they embody the contract sued upon. It is true that a written contract may be spelled out by reading together two or more separate writings. First Nat. Bank v. Glass, 128 Ark. 578, 195 S.W. 15. But when read together they must disclose the contract declared upon in the petition. Here the advancement of the money by Lazarus at defendant's request in and of itself constituted a complete contract. Each of the notes constituted separate written contracts. The endorsements on the notes constituted other written contracts. The letters referred to do not, however, bring them all together into one contract. Neither do they explain the connection between the original contract and the notes and the endorsements thereon. The letter of November 9, 1921, was written after the original debt was incurred, after the note of March 1, 1921, had been made, endorsed and delivered, and after it had fallen due and was not paid. This letter merely requested that the second note be accepted "in substitution" for the first note. The letter of January 5, 1922, enclosing the second note to Nakdimen, explained that the second note "is in substitution" for the first note, and informing Nakdimen that the first note had been cancelled. The letter of January 7, 1921, from Nakdimen simply said: "I have endorsed the (second) note on the back as requested and herewith return same." None of these letters purports in any way to connect the notes or the endorsements thereon with the debt to Lazarus created March 21, 1921. They make no reference to the original debt. When all these documents are read together and in connection with the original transaction there remain as many separate and distinct contracts as there were in the beginning.

The connection between the notes and the original transaction does not appear until we come to the letter of November 18, 1932, from Sommer to Nakdimen in which it is said: "One of these (committee) notes (referring to the note dated December 1, 1921), as you will recall, is payable to you in the amount of $20,300, *to cover the money Mr. Lazarus advanced to your account, you having endorsed the note as evidence of the debt."*

The amended petition connects the first note with the original debt in the same way. It is alleged: The "American Construction Company at St. Louis, Missouri, on to-wit, March 1, 1921, executed and delivered its promissory note, payable on or before August 14, 1921, to the order of defendant, for $20,300, * * * which note defendant endorsed and delivered to said Sam Lazarus, *to evidence defendant's said indebtedness to said Sam Lazarus."* The italicised words were added in the amended petition. The first part of the statement is the same in the original petition.

Thus, when read as a whole, the meaning of the amended petition seems clear. It is an action upon the original contract created by the advancement of money by Lazarus at defendant's request on March 21, 1921; and the notes with the endorsements of Nakdimen thereon are pleaded as evidentiary written instruments. If there were any doubt as to the proper construction of the amended petition it is removed by reading the appellant's briefs. In the opening "Statement" of the brief it is said: "The suit is to secure repayment of a loan of $20,300, made * * * to Iser H. Nakdimen * * * by Sam Lazarus * * * in March, 1921. * * *" Again: "The basis of the petition is the original loan in 1921 and the obligation of repayment acknowledged by defendant to the estate of Lillie N. Lazarus. * * *" In the "Conclusion" of the brief it is said: "the understanding was that the obligation was evidenced * * * by the endorsement by defendant of the March 1, 1921, American Construction Company note, by the endorsement of the December 1, 1921, Committee note, both in favor of and delivered by defendant to Sam Lazarus and held by him and his successors in interest." In the reply brief it is emphasized in italics that *"The amended petition is a suit at law for recovery of money loaned."* And in referring to the function of the endorsed notes in the pleading it is said: "Nakdimen, as payee, as the correspondence discloses, *to evidence* his obligation to Lazarus for Lazarus advancing the money for him, endorsed and delivered the note to Lazarus."

The applicable statute must be determined by the nature of the contract on which the pleader bases his cause of action. In the case of Sims v. Miller, 151 Ark.

377, 236 S.W. 828, 830, the Supreme Court of Arkansas say:

"The right of action might have been based upon the account, and the various written communications between the parties could have been used as evidence to establish the right to recover. In that event the action would be one upon account and governed by the three-year statute of limitation; but the right of action could be, and has been, based on the written contract, which makes the five-year statute applicable. It is a matter of pleading, and a party is bound by his pleadings in designating the particular right of action he declares upon and is entitled to the protection afforded by the statute of limitations applicable to the cause of action declared upon if the facts justify it. American Mortgage Co. of Scotland v. Milam, 64 Ark. 305, 42 S.W. 417; American Freehold Land Mortgage Co. v. McManus, 68 Ark. 263, 58 S.W. 250."

Assuming that the notes and the endorsements are competent evidence of the existence of the original obligation, or that they may be made admissible by oral testimony, they do not aid appellant. Though the plaintiff's right to recover may be evidenced in part by written instruments it does not necessarily follow that his cause of action is upon an instrument in writing. Cotham v. Morris, 115 Ark. 84, 171 S.W. 113; Cooper v. Rush, 138 Ark. 602, 212 S.W. 94; England v. Hughes, 141 Ark. 235, 217 S.W. 13; Pennington v. Karcher, 171 Ark. 828, 286 S.W. 969; Hazel v. Sharum, 182 Ark. 557, 32 S.W.2d 315; Sims v. Miller, supra.

A further untenable contention of appellant is disclosed in this sentence in his reply brief: "The endorsement of the two notes meant, as Lazarus and Nakdimen agreed, that the endorsement had not merely the usual effect of an endorsement, but had in addition this express meaning for them, that it in itself evidenced the fact of the obligation of Nakdimen to Lazarus." This statement implies that the suit is predicated upon two contracts, one the original contract and the other the contract of endorsement; and that the endorsement is evidence of the one and constitutes the other. We do not believe that the pleading can be so construed. Had the amended petition alleged that the notes were endorsed and delivered to Lazarus in payment of the original debt or as collateral security therefor, and had recovery been demanded on the contract of endorsement, the case would have been altogether different from the present one. The cause of action is pleaded otherwise, and doubtless for a good reason. The negotiable note dated March 1, 1921, was due by its terms on August 14, 1921. It is not alleged that Lazarus presented it to the maker for payment at that time or that notice of dishonor was given to Nakdimen. In the absence of these requisites under Arkansas law Nakdimen was no longer liable thereon as endorser. Pope's Digest, Sections 10427, 10261(2), 10228, 10254; Jones v. Robinson, 11 Ark. 504, 54 Am.Dec. 212. The second note dated December 1, 1921, was due in one year. There is no allegation that any steps were taken to collect it from the maker. Although it was for a face amount of $20,300 it contained no unconditional promise to pay any certain sum of money. It being a non-negotiable instrument, its endorsement was not sufficient of itself to make the endorser liable. Exchange National Bank v. Chapline, 109 Ark. 242, 158 S.W. 151. These circumstances suggest why the pleader elected to state his cause of action upon the original debt, and to claim for the notes only an evidentiary status. The error of law running through the allegations of the amended petition and the briefs of appellant is the mistaken premise that written evidence of the contract sued upon and the written acknowledgment of the debt of themselves render the five year statute applicable.

Once it is ascertained that the action is for money loaned at the request of the defendant, the conclusion is inescapable that the action is upon an implied contract not in writing, which is barred by the three year statute of limitations. In 41 C.J. 12 it is said: "One who has paid money for the use or benefit of another to a third party may recover from that other the money so paid, if such payment was made at that other's express request. * * * Where there is an express request, or a ratification, the right of recovery is founded on contract, and is governed by the ordinary rules applicable to contracts implied-in-fact." Under the Arkansas decisions contracts of this type are governed by the three year statute. The acceptance of a deed raises an implied, not an express, promise to pay, and the three year limitation applies. Dismukes v. Halpern, 47 Ark. 317, 1 S.W. 554. The same is true even if the consideration is recited in the deed. Cotham v. Morris, supra. The obligation

722

of a bank to repay deposits is considered an implied contract, governed by the three year bar. The depositor's pass book is merely evidentiary. England v. Hughes, supra. An action for contribution by a joint maker of a note against his co-maker, or by a surety against his co-surety, is not an action upon the note, but upon an implied contract which is barred after three years. Hazel v. Sharum, supra; Cooper v. Rush, supra.

Here, by reason of the nature of the facts he had to deal with, the pleader elected to base his action upon an implied contract. The result is that the action upon the revived debt is barred by the three year statute. The appellant can not invoke the five year statute merely because some of his evidence is in writing nor because, after the action was first barred, it was revived by a written acknowledgment and a partial payment.

Affirmed.