### THEODORE JONES *versus* TIMOTHY HOAR.

In an action for a trespass in cutting and carrying away trees from the plaintiff's
land, he cannot waive the tort and sue in assumpsit, unless the trees have been
sold by the defendant.

Where money is paid into court generally upon a declaration in contract, it is ar ad-
mission of the contracts set forth in all the counts; but if the payment was not
intended to apply to all the counts, the court in its discretion will allow the de-
fendant to amend the rule by making it special.

ASSUMPSIT upon a promissory note, for goods sold and
delivered, and for money had and received. The case came
before the Court upon an agreed statement of facts.

The defendant brought a sum of money into court generally,
" on account and in satisfaction of the plaintiff's damages in
the suit."

The cause of action upon which the count for goods sold
was founded, was, that the defendant had entered upon the
plaintiff's land and cut and carried away a quantity of white
oak timber. And the question was argued (in writing)
whether the plaintiff could waive the tort and sue in assump-
sit, it not appearing that the timber had been sold by the de-
fendant.* Nothing was said in the argument, nor at the trial

---

* In the Court of Common Pleas it was determined that *assumpsit* would
not lie. The opinion of the court was delivered by

STRONG J. The old rule was, that what was tort in its inception, could not
by any subsequent transaction be made the foundation of an *implied* assump-
sit. This rule was gradually relaxed, and the question now is to what
extent.

*Lamine* v. *Dorrell*, 2 Ld. Raym. 1216. Money had and received. De-
fendant wrongfully procured himself to be appointed administrator to J. S
and obtained certain debentures belonging to the intestate and sold them.
*Powell* J. " It is clear the plaintiff might have maintained detinue or trover
for the debentures; but when the act that is done is in its nature tortious, it
is hard to turn that into a contract, and against the reason of assumpsits.
But the plaintiff may dispense with the wrong, and suppose the sale made
by his consent, and bring an action for the money they were sold for, as
money received to his use."

*Hitchin* v. *Campbell*, 2 W. Bl. 827. The defendant had levied upon the
goods of the bankrupt to the prejudice of other creditors. Although the
goods were sold by the sheriff to the defendant himself, the court considered
it as amounting substantially to a receipt of the money, and on that ground
sustained the action. Same case in 3 Wils. 304. The court there say

290

'n the court below, of the effect of bringing money into court in the manner above mentioned.

At October term 1826 the Court observed, that by the statement of facts, they were to decide upon the legal effect

---

" We are all of opinion that this action well lies, whether the money, for which the bankrupt's goods were sold, be paid into the hands of a plaintiff in a *fieri facias*, or of any others. Whoever has received the *money* for the bankrupt's goods, is supposed, in justice, to have received the same for the *use of the assignees.*"

*King* v. *Leith*, 2 T. R. 144. *Buller* J. says, " Because in *trover* the plaintiff may recover the full value of the goods, though the sale may not actually have produced more than half their worth; but in *assumpsit*, the assignees are only entitled to recover what the party really received, which is only what the *sale of the goods produced* "

*Feltham* v. *Terry*, cited in Cowp. 416. The court say, " It is manifest that the taking was tortious, and that the plaintiff might have brought an action of *trespass*. But we all think he may *waive the tort*, and go for the *money clearly due.*"

*Lindon* v. *Hooper*, Cowp. 419. The court say, " There is a material distinction between this and the instances alluded to at the bar, where the plaintiff is allowed to *waive the trespass* and bring the action for *money had and received.* In *those* instances, the relief is more favorable to the defendant. He is liable only to refund what he has *actually received.*"—" So, where goods are taken in execution, which are not the property of the persons against whom execution is taken out, the owner may *waive* the *trespass*, and bring his action *for the amount of the money which the goods sold for.*"

*Cummings & ux.* v. *Noyes*, 10 Mass. R. 435. *Jackson* J. says, " With respect to goods, it is a long-established rule, that the owner, from whom they have been tortiously taken, may in many cases *waive the tort*, as it is expressed, and state his demand as arising on contract. It is competent for him to treat the party liable to his action as a *purchaser*, an agent, or a bailee, whose use or disposal of the goods is thereby sanctioned and confirmed; and then the value of the goods, or a fair compensation for the use of them, is recoverable and to be assessed in damages." If these expressions are to be considered as having a general application, they would decide the present case. I do not so understand them. He says, *in many cases;* but according to the doctrine contended for by the plaintiff, it is competent for the party *in all cases* to treat the tort-feaser as a purchaser, &c. In the case of *Cummings & ux.* v. *Noyes*, *trespass* could not be maintained. The Court seem to doubt whether it might not be ; but how could it, when the defendant was in possession by judgment of law ? There was therefore no *tort to waive* in that case, and if assumpsit could not be sustained, the plaintiff would be without remedy.

Three cases are cited by *Jackson* J. to support his opinion — *Hambly* v. *Trott*, Cowp. 371,— *Cooper & al.* v. *Chitty & al.* 1 Burr. 31,—and *Johnson* v. *Spiller*, 1 Doug. 167. It is apparent from an examination of *Hambly* v. *Trott*, that Lord *Mansfield* considers it as an exception to the general rule, and the decision is applicable to actions against executors and administrators only. All his observations apply to cases where the original defendant has de

291

Jones
v.
Hoar

of bringing money into court under the rule in this case ; and they suggested whether it was not an admission of all the contracts set forth in the declaration.

288

The counsel for the defendant then said, that it was not so

ceased, and the distinction between cases which do and those which do not survive. Take this sentence. " So if a man take a horse from another, and bring him back again ; an action of trespass will not lie against his executor, though it would against him; but an action for the use and hire of the horse will lie against the executor." He does not state here that *assumpsit* will lie against the person who took the horse, but only against his executor. *Jackson* J., in stating this part of the opinion of Lord *Mansfield*, is more explicit. " As if one take a horse from another, and bring him back again, the owner may maintain *trespass* against the *wrongdoer*, or *after his death*, an action *for the use and hire* of the horse against *the executor*." It is apparent, therefore, that both Lord *Mansfield* and *Jackson* J. confined their observations to actions against executors and administrators. It seems that *Buller* J. so considered the case of *Hambly* v. *Trott*. In giving his opinion in the case of *Birch* v. *Wright*, 1 T. R. 387, he has these expressions. " Two other cases quoted were *Hambly* v. *Trott*, Cowp. 371, and *Goodtitle* v. *North & al.* 2 Doug. 562; but as those cases do not seem to me to apply to the present, I shall pass them over. They only relate to the questions, what actions may be maintained against an executor or a bankrupt, and what die with the person, or are barred by the certificate."

The second case referred to by *Jackson* J. is *Cooper & al.* v. *Chitty & al.* No one will controvert the doctrine laid down in this case, that a party may waive trespass and bring trover. Every tortious taking includes a conversion, and they both belong to the class of tort

The third case is *Johnson* v. *Spiller*. In that case there was no conversion, no tort committed. *Buller* J. however, in giving his opinion, says that a demand in trover, which is liquidated, may be proved under a commission of bankruptcy. And no doubt it may, for bankruptcy is an exception to the general rule, as well as the case of executors and administrators; as appears by the quotation already made from the opinion of *Buller* J. in the case of *Birch* v. *Wright*. The reason of these exceptions is, that otherwise there would be a failure of justice. This is apparent from the observations of Lord *Mansfield* in the case of *Hambly* v. *Trott*. " If no other action could be brought against the executor, it seems unjust and inconvenient, that the testator's assets should not be liable for the value of what belonged to another man, which the testator had reaped the benefit of."

*Hill* v. *Perrott*, 3 Taunt. 274. The court say " that the law would imply a contract to pay for the goods, from the circumstance of their having been the plaintiff's property, and having come to the defendant's possession, if unaccounted for." These general expressions, if considered without reference to the particular case where they were used, would support the doctrine contended for by the plaintiff But general expressions in the opinion of a court are to be taken with reference to the particular circumstances of the case, especially where, if a more extensive operation is given to them, they would controvert other decided cases. It seems that Perrott had pro-

considered n this county ; that the money in the piesent case
was intended to be applied to the promissory note ; that
the whole controversy respected the timber ; but if it was
necessary to specify the counts on which the money was

cured the delivery of the goods upon a pretended sale to one Dacosta, under
an impression that the defendant was to be his surety ; but the whole was
a swindling transaction, to enable the defendant to get possession of the
goods   Although the plaintiff, on account of the fraud of the defendant,
migh: perhaps consider him as a trespasser, yet, as the transaction assumed
the *form* of contract by the acts of the defendant himself, and the goods
went from the possession of the plaintiff by his consent, and through the
forms of a sale, if the plaintiff chose to consider it as a sale, I do not see how
it would be competent to the defendant to dispute it.   I think therefore this
case may be considered as rightly decided upon its own circumstances, with-
out reference to the general rule.   Or it may be considered as belonging to a
class of cases, where the plaintiff may maintain assumpsit on account of
some act of the defendant, which varies it from the common cases of tort,
and authorizes an action as upon a contract.

In the case of *Biddle & al.* v. *Levy*, 1 Stark. R. 20, the same principle is
established as in the last cases.   But the authority of both these cases is
controverted in *Thompson* v. *Bond*, 1 Campb. 4, and *Read* v. *Hutchinson*,
3 Campb. 351.   In the last case Lord *Ellenborough* says, " The defendant is
not a purchaser of the goods, but a person who has tortiously got possession
of them.   If he knew at the time that the bill was worth nothing, I think he
is answerable to the plaintiff to the amount of the value of the goods ; but
this is not the proper remedy.   The plaintiff should have brought trover, or
an action of deceit "

*Lightly* v. *Clouston*, 1 Taunt. 112.   The court expressly recognise the rule,
that where there is a tortious taking of goods, to entitle the plaintiff to main-
tain assumpsit, they must be sold and turned into money ; and they consider
the avails of the labor of the apprentice as analogous to the proceeds of the
sale of goods, and decide the case on this ground.

*Bennett* v. *Francis*, 4 Esp. 30.   Some of the expressions used by the court
would establish the principle contended for by the plaintiff ; but it is apparent
that there are circumstances in that case, which would entitle the plaintiff
to recover, without deciding the general question.   I allude to the receiving
of a bill of parcels, and paying the money into court.   And the court seem
to place their decision, in some measure, upon these circumstances.   But
this same case was carried to the full court, and their decision upon it is per-
haps the strongest in the books against the plaintiff in the present action.   It
is reported in 2 Bos. & Pul. 554.   Lord *Alvanley*, speaking of the doctrine
contended for by the plaintiff in the present action, says, " But thus far
I will say, that it does appear to me monstrous to carry the causes to any
such extent, and that they do not warrant the conclusion which has been
drawn from them.   The cases cited were *Hambly* v. *Trott*, *Lindon* v. *Hooper*,
and *Feltham* v. *Terry*.   Lord *Mansfield* in the case of *Hambly* v. *Trott* con-
fines the doctrine to the case of money had and received ; and I do not find
that the judges, in any of the cases, have gone so far as to hold that a tort

brought in, he would move for leave to amend the rule. *Stoveld* v. *Brewin*, 2 Barn. & Ald. 116 ; *Mellish* v. *Allnutt*, 2 Maule & Selw. 106 ; *Muller* v. *Hartshorne*, 3 Bos. & Pul. 556.

The opposite counsel referred to 3 Stark. Ev. 1397, cites 3 Taunt. 95, and Peake's Cas. 15.

*Per Curiam.* It is clear, both from authority and upon principle, that the defendant should have specified on what count he brought in the money. But under the circumstances of this case he may be entitled to relief.

The opinion of the Court was delivered, at this term, by

*Oct. 6th.*

PARKER C. J. The plaintiff declares in assumpsit, and one count is for goods sold and delivered. By the agreement it appears, that the only ground for supporting this count is, that the defendant cut and took away certain trees from land claimed by the plaintiff, and for the purpose of the argument, actually owned by him. The proper action would undoubtedly be trespass for the injury to the land, or trover for the trees. But the plaintiff contends that he has a right to waive the tort, and charge the defendant with the trees as sold to him. Upon examination of the authorities cited, which are well summed up and commented upon by *Strong* J. in the opinion of the Court of Common Pleas, we are satisfied that the plaintiff cannot maintain this position.* There is no contract express or implied between the parties, and therefore an action *ex contractu* will not lie. The whole extent of the doctrine, as gathered from the books, seems to be, that one

---

may, at the option of the plaintiff only, be converted into a contract." — " All that is to be collected from the cases is this, that if the goods be converted into money, the court will allow the plaintiff to waive the tort and bring an action, in which he can recover nothing more than the sum actually received."

From an examination and due consideration of all the cases, the court are of opinion, that where the action is brought against the original tort-feaser, unless there are some circumstances accompanying the transaction, which will authorize the plaintiff to consider it a contract, or the property taken has been turned into money or money's worth, the plaintiff cannot waive the tort and bring assumpsit. It has already been mentioned that exceptions have been made in the cases of executors or administrators.

* The Court said they had also looked at a case in 3 Maule & Selw., prob ably *Foster* v. *Stewart*, *p.* 191.

whose goods have been taken from him or detained unlawfully, whereby he has a right to an action of trespass or trover, may, if the wrongdoer sell the goods and receive the money, waive the tort, affirm the sale, and have an action for money had and received for the proceeds.[1] No case can be shown where assumpsit as for goods sold lay in such case, except it be against the executor of the wrongdoer, the tort being extinguished by the death, and no other remedy but assumpsit against the executor remaining. Such was the case of *Hambly* v. *Trott*, referred to in Judge *Strong's* opinion.

But the defendant paid money into court, under a rule, and did not distinguish as to which of the counts the payment was applicable. And this, by the authorities, is an admission of the contract as set forth in the declaration. *Bennett v. Francis*, 2 Bos. & Pul. 550. It is however considered as within the discretion of the Court to apply this rule or not, as equity shall require ; for it may happen that by mere inadvertency, where there are several counts, a general tender is made, when it is intended only to be made to one or more, but not to all the counts. In the case before us there is a count upon a promissory note, and we have been satisfied that it was meant that the money paid should be applied to that count only, a litigation in regard to the price claimed for trees, and the right of action in relation to them, being always intended. So it was considered by the Court of Common Pleas, who gave judgment without any reference whatever to the tender, their attention not having been called to it by the counsel. We think therefore the defendant ought to be relieved from the effect of an admission which is the technical result of bringing money into court in the form used in this case. Leave is granted to amend the rule.[1]

*Mills, Ashmun,* and *Miles,* for the plaintiff.

*Bigelow,* for the defendant.

---

[1] See *Gilmore* v. *Wilbur,* 12 Pick. 124 ; 1 Chitty on Pl. (6th Amer. ed.) 113, 114.

[1] See 2 Stark. Ev. (5th Amer. ed.) 600 to 603; *Huntington* v. *American Bank,* 6 Pick. 340 ; *Stafford* v. *Clark,* 2 Bingh. 377 ; *Bulwer* v. *Horne,* 1 Nev & Man. 117; *S. C.* 4 Barn. & Adol. 132.