OPINION

**ESTATE of Ronald B. WATERS,**
**Appellant,**

v.

**Gerald HOADLEY et ux., Appellees.**

**No. 1169.**

Supreme Court of Alaska.

Sept. 4, 1970.

Peter LaBate, Anchorage, for appellant.

Martin A. Farrell, Anchorage, for appellees.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

CONNOR, Justice.

On October 6, 1961, the appellees executed a note and mortgage in favor of Jack A. McDonnell and Bernice E. McDonnell on certain property owned by appellees. The trial court found that this note and mortgage were procured by Ronald Waters through duress exerted against the Hoadleys. At the time these instruments were executed, the Hoadleys did not know who the McDonnells were, but assumed they were either fictitious persons or strawmen acting on behalf of Waters. Actually Waters used the note and mortgage to settle certain financial obligations between himself and the McDonnells.

Appellant does not dispute the finding by the trial court that the Hoadleys executed these documents under duress.

The Hoadleys defaulted on the note payment and on July 5, 1963, the McDonnells filed suit to foreclose the mortgage. Later in the course of this litigation the Hoadleys filed a cross-claim against Ronald Waters, who was by then a co-defendant in the action. The cross-claim was filed November 4, 1965, alleging fraud, duress, and usury against Waters. It was also alleged that Waters had fraudulently induced the Hoadleys to deliver certain gold to him as partial security for money advanced to them, and that Waters later falsely claimed that the gold had become lost.

The sole issue on appeal is whether the cross-claim was filed too late because the action sounding in tort was barred by the statute of limitations.

Appellant contends that the two-year statute, AS 09.10.070, applies to this action. It provides as follows:

"Actions to be brought in two years. No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a

statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years."

Appellee contends that the six-year statute, AS 09.10.050, applies. It provides:

"Actions to be brought in six years. No person may bring an action (1) upon a contract or liability, express or implied, excepting those mentioned in §§ 40 or 55 of this chapter; (2) for waste or trespass upon real property; or (3) for taking, detaining, or injuring personal property, including an action for its specific recovery, except those mentioned in § 55 of this chapter; unless commenced within six years."

Appellant argues that duress is a species of tort and that the two-year statute, therefore, should govern. This is supported by reference to Restatement, Torts, § 871 (1939), which defines certain types of duress as a tort.[1] Appellant also argues that because this court in Austin v. Fulton Insurance Co., 444 P.2d 536 (Alaska 1968), held that negligent misrepresentation was a tort falling under the two-year statute of limitations, the same must be true in this case. This overlooks the distinction between right and remedy.

One of the bases of liability may be tortious conduct or, as here, a blend of tortious conduct and usury. But the choices of action arising out of this conduct are several. Plaintiff may elect to sue in quasi-contract for restitution of the benefits wrongfully received by the tortfeasor, Waters. Recovery is premised not on the fact that his conduct was tortious, but that by coercing the consent of the Hoadleys, a voidable contract was created. Upon the contract being nullified, the Hoadleys would become entitled to restitution in order to prevent unjust enrichment of Waters. It is the combination of tortious conduct and the receipt of benefits by Waters which gives rise to a quasi-contract in favor of the Hoadleys.

It has long been recognized that the restitutionary obligation to pay, in these circumstances, is a species of implied contract. The doctrine of duress originally arose as a defense to a suit on a sealed instrument, which in the early common law was either the only or one of the few forms of enforceable contract. 5 S. Williston & G. Thompson, A Treatise on the Law of Contracts § 1601 (rev. ed. 1937). Later there was an expansion of this doctrine both substantively and remedially through the use of general assumpsit, which still closely tied the remedy to the notion of contract. Slade's Case, 4 Coke 92(b) (K. B. 1602). Eventually a number of tortious situations were recognized as providing a basis for quasi-contractual recovery, even though the implied agreement between the parties was an entirely fictitious one.[2] Although a quasi-contract action is a hybrid remedy, sometimes, though not always, allowable as an alternative remedy for tort, in the case of a contract extracted through duress it represents a form of relief which sounds heavily in contract. Both the duressed agreement and the restitutionary implied contract to make whole the victim can be regarded as contractual, not tortious, sources of duty.

Thus, while it may be excessive to say that the forms of action rule us from their graves, yet from those graves occasional murmurings are still heard.

There is abundant precedent that, for the purpose of applying statutes of limitation, quasi-contractual recovery is an implied

---

1. Sec. 871 states as follows:
"A person who by a tortious act intentionally causes harm to or deprives another of a thing of which the other has, and is entitled to, possession or title or other legally protected interest, or who by the improper exercise of a legal power, intentionally creates liability against the other, is liable to the other for the harm, deprivation or creation of liability."

2. Moses v. Macferlan, 2 Burr 1005 (1760); Jones v. Hoar, 5 Pick. (22 Mass. 285) (1827); Lamine v. Dorrell, 2 Ld.Raym. 1216 (1705).

contract.[3] We need not decide the case on so broad a proposition. We need only hold, as we do, that in seeking relief from the duressed contract, the action here was on an implied contract under the six-year statute of limitations.

For these reasons we do not pass on the contention by appellees that the duress was of continuing effect, thereby extending the time to sue under the two-year statute.

Affirmed.

3. Ivey's Adm'r v. Owens, 28 Ala. 641 (1856); Anderson v. Thude, 42 Ariz. 271, 25 P.2d 272 (1933); Ripley Improvement Co. v. Hellman Commercial Trust & Savings Bank, 90 Cal.App. 83, 265 P. 835 (1928); Jacobs v. City of Seattle, 100 Wash. 524, 171 P. 662 (1918).