297 So.2d 104 (1974)
WESTINGHOUSE CREDIT CORPORATION, a Delaware Corporation, Appellant,
v.
GRANDOFF INVESTMENTS, INC., a Florida Corporation, Appellee.
No. 73-713.
District Court of Appeal of Florida, Second District.
June 12, 1974.
Rehearing Denied July 23, 1974.
*105 John W. Puffer, III of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
Joseph E. Melendi, of Barrs, Melendi, Williamson & Burton, Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Westinghouse Credit Corporation (Westinghouse) occupied 1735 square feet of office floor space in the Ross Building in Tampa, Florida, under a written lease. In 1966, prior to the expiration of that lease, Westinghouse informed the then owners' rental agent, Thomas Sheehan, Jr., that it no longer needed all of the floor space in the suite. No other space was available in the building at that time for Westinghouse and the owners agreed to allow Westinghouse to remain in the suite at a reduced rental rate. The new lease described the premises to be occupied by Westinghouse as:
Approximately 1296 square feet of office space in that certain building known as the Ross Building located at 112 East Cass Street, Tampa, Florida, being Suite 2200-2204.
On or about August 20, 1967, appellee, Grandoff Investments, Inc. (Grandoff) purchased the Ross Building. The lease was twice extended by the exercise of successive one-year options to renew as provided in the 1966 lease. In 1969, prior to the expiration of the lease under the second option period, Westinghouse and Grandoff entered into a one-year lease which terminated the tenancy on October 31, 1970. Grandoff did not employ the same rental agent as did the Rosenthals, its predecessor in title.
Westinghouse vacated the premises according to the time specified in the last-mentioned lease. There is no dispute that Westinghouse actually occupied 1735 square feet of floor space during the period of time that Grandoff purchased the property to the date that Westinghouse vacated *106 the premises. After Westinghouse vacated the leased premises, Grandoff determined that the suite actually contained 1735 square feet rather than 1296 square feet as set forth in the lease, supra.
Grandoff brought this action on the theory of an implied contract against Westinghouse alleging entitlement to payment of rent for the use by Westinghouse of the extra 439 square feet. Westinghouse denied liability contending, inter alia, that there is no implied contract for rental and strongly asserted that the specific description "... Suite 2200-2204," prevails and governs over the quantity description "... 1296 square feet... ."
The issue presented here, as succinctly stated by the trial judge "... is whether or not the Plaintiff (Grandoff) is entitled to recover the reasonable rental value for such space occupied by the Defendant, (Westinghouse) but not included in either the 1966 lease, or its extensions, or the 1969 lease...." (Parenthetical supplied).
We are cognizant of the clearly established legal principle pertaining to conveyances of the kind involved here, that under ordinary circumstances a specific description of land will prevail over a statement of quantity contained in the description in the event of a discrepancy between the designations.
In view of the language contained in the 1966 lease as to the description of the space to be occupied, the trial judge decided that he would admit evidence clarifying the premises intended by the parties (Westinghouse and Grandoff's predecessor in title) to be occupied at the time they executed the lease in 1966. We submit such evidence was competent for that purpose, for in the case of S.S. Jacobs Co. v. Weyrick, Fla.App.1st, 1964, 164 So.2d 246, that court established the principle, referring to what the leased premises included, at 249:
... The ultimate question depends upon the intent of the parties as interpreted in the light of surrounding circumstances.
It was on this authority that the trial judge permitted parol and documentary evidence dehors the lease for clarification of intent of the parties. There is ample authority to support this principle of law.
Over the timely objection of counsel for Westinghouse several prior leases were introduced into evidence by Grandoff that had been entered into between Westinghouse and Grandoff's predecessor in title. The first lease executed in 1957 disclosed that Suite 2200-2204 was for 1088 square feet at an annual rental of $3,536. The second lease executed in 1960 was for 1781 square feet at an annual rental of $5,788.25. The third lease was executed in 1963 for a three-year period, for 1781 square feet at $17,364.60 for the three-year period. Lastly, the 1966 lease was for 1296 square feet, with annual rental of $4,212. Each of the above-mentioned lease agreements were prepared by Westinghouse. In light of this evidence, we are in accord with the finding of the trial judge that the parties intended that the premises be rented on a per footage basis rather than on the total area designated as Suite 2200-2204.
Additionally, it is contended by Westinghouse that Grandoff knew, or should have known of the discrepancies between the actual and stated floor space of Suite 2200-2204. As to this point, the trial judge, after hearing all of the testimony and considering the exhibits offered into evidence, found that there was not sufficient evidence adduced by Westinghouse to support this contention. We do not disturb this finding of fact nor presume to substitute our judgment for that of the trier of facts, particularly in view of the fact that Westinghouse, it is submitted, has not shown that the trial judge abused his discretion or misapplied the law. The record sustains the finding of the trial judge that *107 Grandoff did not become aware of the occupancy by Westinghouse of the disputed 439 square feet until after Westinghouse had terminated the tenancy on October 31, 1970. There was no showing that Grandoff had been previously advised, either by its predecessor in title or their rental agent, Thomas Sheehan, Jr., that Westinghouse was occupying the additional space.
We have considered the contentions of Westinghouse that this cause of action should be barred by the statute of limitations, or that the defense of laches is applicable. We do not agree with either contention. Both of said contentions were ruled upon adversely to Westinghouse when the trial judge entered an order denying its motion for summary judgment.
Finally, it is urged by Westinghouse that in the event we should be inclined to affirm the final judgment of the trial court that the applicable statute of limitations, Section 95.11(5)(e), Florida Statutes, F.S.A.,[1] has run as to part of the claim. We agree.[2] In the light of the statute, supra, Grandoff is entitled to payment of the reasonable rental value of the 439 square feet commencing June 17, 1968, and not as the trial court calculated from August 22, 1967, the date Grandoff purchased the Ross Building, this action having been filed on June 17, 1971. In consequence, the trial court is hereby directed to amend the final judgment to read the sum of $3,514.41, rather than the sum of $4,683.50. In all other respects the final judgment is
Affirmed.
HOBSON, Acting C.J., and McDONALD, PARKER LEE, Associate Judge, concur.
NOTES
[1] "(5) Within Three Years.  * * *

(e) * * * an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, ... ."
[2] Matthews v. Matthews, Fla.App.2nd, 1969, 222 So.2d 282.