Donald G. CLARY, Appellant,

v.

STACK STEEL AND SUPPLY COMPANY et al., Appellees.

No. 4194.

Supreme Court of Alaska.

May 16, 1980.

---

1. Judge England's full dissent should be read.

Warren C. Colver, Anchorage, for appellant.

George M. Kapolchok, Atkinson, Conway, Young, Bell & Gagnon, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

The main question presented in this appeal is whether the superior court erred in dismissing a complaint for failure to state a cause of action.

In April of 1978, Donald G. Clary filed a complaint in superior court against appellees. The complaint alleged that in late 1969 Clary and his wife Carmela settled certain tax disputes with the federal and state governments by entering into agreements obligating the Clarys to pay a sum "in excess of $25,000" within thirty days;[1] that the Clarys owned 286 of the 300 outstanding shares of Arctic Steel Fabricators and Supply, Inc., and were joint custodians of the remaining fourteen for Donald G. Clary, Jr.; that Stack Steel and Supply Company, knowing of the Clarys' financial

---

1. In a memorandum in opposition to the motion to dismiss, Clary's counsel said that the tax obligations were in excess of $250,000, rather than the $25,000 "implied in defendants' motion." The complaint states $25,000 as the amount, but for purposes of this appeal we can regard the complaint as being amended in this respect.

difficulties, contacted the Clarys concerning purchase of their shares in Arctic Steel; that negotiations commenced, with both sides having retained legal counsel; that appellees made it clear that they knew of the Clarys' tax problems, and that if the Clarys did not accede to the terms offered by Stack Steel, the Clarys would face the consequences of failing to pay their tax liability.

The complaint stated that on January 15, 1970, "while under the aforementioned conditions and circumstances of economic duress" the Clarys were "coerced" into entering into an agreement for the purchase of the outstanding shares in Arctic Steel by Stack Steel, a two year employment agreement, a noncompetition agreement, a modification and extension of a lease of property owned by the Clarys (which had been leased in 1968 to Arctic Steel); that the modification and extension of the lease was exacted by appellees as "the direct result of the economic duress and overreaching exercised by" appellees; and that it was not supported by adequate consideration; that the modification of the lease provided for a ten year extension of the original lease, without any provision for escalation of taxes, insurance or assessments, and made all repairs the responsibility of the Clarys; and that this forced Donald Clary to accept lease payments which are less than the cost of taxes, insurance and upkeep on the property.

The complaint alleged that the modification and extension of the lease provided for an option to purchase the property, the exercise of which could be withheld for ten years, at "what was then a grossly depressed price, and which is less than one-half the present fair market value;" and that the modification and extension of the lease was "unconscionable, unenforceable and without effect rendering it void."

Count I of the complaint alleged entitlement to the reasonable rental value of the property from January 15, 1970, to the date of judgment; Count II alleged that the modification and extension agreement, the benefits of which devolved on appellees as successors of Arctic Steel, resulted in the unjust enrichment of appellees. Count III alleged that as to the benefits received, the appellees are merely trustees for the benefit of Clary. Count IV alleged that Stack Steel caused the modification and extension agreement to be recorded, and that this wrongfully clouded the title to the property. The complaint prays that the modification and extension agreement be declared void; that plaintiff receive the reasonable rental value of the property from January 15, 1970, to judgment; that, alternatively, the defendants be deemed trustees of plaintiff; and that the cloud upon the property, occasioned by the recording of the modification and extension agreement, be removed.

Appellees moved to dismiss the complaint under Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Appellees argued (1) that the complaint did not adequately allege economic duress, because no claim was made that appellees were the cause of Clary's economic difficulties, and that no other wrongful acts such as unlawful threats or fraud were alleged, and (2) that the complaint was barred by the statute of limitations. The superior court dismissed the complaint.

■ Stack Steel contends there is no appealable issue in this case, since the superior court dismissed the complaint without specifying that the complaint could be amended and without entering a final judgment dismissing the action. See e. g. 2A Moore's Federal Practice § 12.14, at 2338 (2d ed. 1979). In this case, however, the complaint could not be amended as to either possible ground advanced on the motion to dismiss. The superior court did not specify on which of the two grounds advanced by Stack Steel it granted the dismissal. Both theories, Stack Steel's lack of fault for the Clary's financial problems and the statute of limitations, would preclude an amended complaint from meeting these objections. In *Nizinski v. Currington*, 517 P.2d 754, 755 (Alaska 1974), we stated:

"We will . . . treat a Rule 12(b)(6) dismissal as appealable where it is clear that the trial court determined that the

complaint could not be amended so as to prevent future dismissals, thereby preventing the claimant from proceeding." Therefore, the dismissal in this case will be considered final and appealable under Appellate Rule 5.

■ It is apparent that as to Counts I, II, and III, the statute of limitations has run.[2] Clary argues that the statute will be tolled where the aggrieved party is subjected to continuing duress. But the complaint nowhere pleads that Clary was subjected to such continuing duress. Accordingly, nothing in the complaint permits a conclusion that the statute was at any time tolled. As to the claims sounding in unjust enrichment, rescission, and constructive trust, Clary argues that he should be able to recover damages for the six years preceding the filing of the complaint.[3] But an action to recover benefits paid pursuant to a contract executed under duress sounds in implied contract. *Estate of Waters v. Hoadley*, 474 P.2d 85, 87 (Alaska 1970). The cause of action would have accrued in January of 1970.[4] Nothing is pleaded in the complaint which would extend the time for suit, so these claims are barred.

■ As to Count IV, a slightly different problem is presented. Normally no statute of limitations applies to a quiet title action brought by a person in possession of real property, and a person is considered to be in possession through his tenant. AS 09.45.-010. However, any claim against the tenant here, which can be gleaned from the complaint, is related to the 1970 agreement, which is alleged to have been extracted through duress. Count IV seeks to remove any cloud upon the title which was caused by the recordation of the 1970 agreement. Only if Clary can establish the underlying illegality of the agreement, can he prevail on Count IV.

■ As we read the complaint, the theory of recovery on Count IV is not that the recordation itself was a wrongful act, but that the agreement was void and, therefore, despite recordation, should be of no effect. Yet the time for establishing the illegality of the agreement has run. To allow an action on Count IV would be to circumvent the statute which requires actions upon contract to be brought within six years.

We hold that the superior court properly dismissed the complaint because the claims stated were barred by the statute of limitations. In view of this, we need not address the other contentions of the parties.[5]

■ Because none of our previous opinions have dealt with the question of whether, in circumstances such as these, the complaint should allege continuing duress which would toll the statute of limitations, we think it fair that Clary should be given leave to amend the complaint to allege, if he can, that he was subjected to continuing duress which would extend the statute of limitations.

AFFIRMED.

MATTHEWS, J., concurs in the result.

2. AS 09.10.050(1) provides:
   "No person may bring an action (1) upon a contract or liability, express or implied, excepting those mentioned in [sections] 40 or 55 of this chapter; . . . unless commenced within six years."
   In *Estate of Waters v. Hoadley*, 474 P.2d 85 (Alaska 1970), we held that this statute applies to an action seeking relief from a contract entered into under duress.

3. Clary cites *Westinghouse Credit Corp. v. Grandoff Investments, Inc.*, 297 So.2d 104 (Fla. App.1974), where there was a mutual mistake as to the amount of space occupied by a tenant and the landlord sued for rent on the extra space after he discovered the error. The case is obviously distinguishable.

4. *See Louis Dreyfuss Corp. v. Butler*, 496 F.2d 806, 808 (6th Cir. 1974); *Nitrini v. Feinbaum*, 18 Ariz.App. 307, 501 P.2d 576, 581 (1972); *Tellier v. Darragh*, 220 Ark. 363, 247 S.W.2d 960, 963 (1952). *See also* 18 S. Williston, *Contracts*, Sec. 2034, at 832 (3d ed. 1978).

5. Clary argues that the superior court erred in dismissing the complaint for failure to state a cause of action, and erred in not giving reasons for such dismissal. Appellees argue that the order dismissing the complaint is not an appealable order.